Edward R. NICHOLAS *v.* STATE of Arkansas

CA CR 79-94                        595 S.W. 2d 237

Court of Appeals of Arkansas
Opinion delivered February 6, 1980
Review denied March 10, 1980
Rehearing denied March 19, 1980
Released for publication March 19, 1980

542

*Lessenberry & Carpenter,* for appellant.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty. Gen., for appellee.

ERNIE E. WRIGHT, Judge. The appellant was convicted by a jury of two counts of manslaughter in violation of Ark. Stat. Ann. § 41-1504 (Repl. 1977) in recklessly causing the deaths of two individuals on June 22, 1977, in an automobile accident. A sentence of four years imprisonment and a $1500.00 fine was imposed on each of the two counts, with the prison sentence on the second count suspended.

For reversal of the judgment appellant contends the trial court erred in admitting evidence of a blood alcohol test, in modifying an instruction offered by appellant on statutory presumption relating to evidence shown by a blood alcohol test and in imposing a sentence of imprisonment rather than probation.

The evidence is undisputed appellant was driving the car which went out of control resulting in the accident in which two individuals lost their lives. The court admitted evidence of a blood alcohol test made from samples of appellant's blood taken approximately four hours after the accident. There was an evidentiary hearing before the court in chambers prior to trial on appellant's motion to suppress evidence of the blood alcohol test and *motion in limine,* but none of that hearing is abstracted. Rule 11(f) of the Supreme Court and Court of Appeals requires the appellant in felony cases to abstract such parts of the record as are material to the points to be argued in the brief. Absent an abstract of the hearing on the motions, we look only to the abstract of the record of the trial proper to determine the asserted error on appeal in admitting evidence of the blood test. *Moser* v. *State,* 262 Ark. 329, 557 S.W. 2d 385 (1977).

The accident occurred at about 5:30 p.m., and Officer Smith of the Little Rock Police Department arrived at the scene promptly after the accident. He observed appellant still seated in the driver's seat of the car driven by appellant at the time of the accident. Appellant identified himself to the of-

ficer, and from observing him the officer noted a strong odor of alcohol on his breath and other evidence causing him to conclude appellant was intoxicated. There was other substantial testimony indicating appellant was intoxicated. The appellant admitted at trial he had been drinking prior to the accident, but denied being under the influence of intoxicating liquor. Appellant was removed by ambulance to St. Vincent's Infirmary. Officer Smith left the accident scene about 9:00 p.m. and went to the infirmary. He testified he placed appellant under arrest and in addition to reading to him his Miranda Rights, read to him his rights under Ark. Stat. Ann. § 75-1045 (Repl. 1979) relating to blood alcohol tests of a person a law enforcement officer has reasonable grounds to believe has been driving a motor vehicle on a public highway while under the influence of intoxicating liquor. This included a provision informing appellant if he consented to the test he had the right to an additional test to be conducted by a physician, qualified technician, registered nurse or other qualified person of his own choice. The appellant did not indicate he desired to have a test of his own made. Appellant indicated he preferred the blood test to a breath test. The officer requested a nurse, Mrs. Isaac, at the infirmary emergency room to draw two blood samples from appellant for a blood alcohol test. The nurse read a consent form to appellant providing consent for the blood samples to be taken and appellant signed the form. The blood samples were taken at 9:30 p.m. After the samples were drawn by the nurse in the presence of the officer, he placed his initials on the vials and took them to the Little Rock Detention Center where Officer Gentry placed them in a refrigerator. The following day Officer Smith took them to the Arkansas Department of Health. A chemist from that agency testified the samples were analyzed and showed a blood alcohol content of .09.

From the abstract and brief it appears appellant raises the issue for the first time on appeal that the blood samples were taken by a nurse at the request of Officer Smith and not by a physician, or a person acting under the direction or supervision of a physician as authorized by § 75-1045. It is well settled that an objection to evidence not made at trial will not be considered when raised for the first time on appeal. *Ulmer* v. *State,* 253 Ark. 106. 484 S.W. 2d 691 (1972).

However, we point out that prior to a 1975 amendment to the above statute the relevant portion read, "only a physician, a registered nurse, or a registered laboratory technician or technologist may withdraw blood for the purpose of determining alcoholic content therein." The 1975 amendment changed this provision to read, "when a person shall submit to a blood test at the request of a law enforcement officer under the provision of this section, blood may be drawn by a physician, or a person acting under the direction and supervision of a physician." The present statute which was in effect at the time of the alleged offense is not as restrictive in governing the taking of the blood samples as the prior statute in that it refers to certain persons who *may* take the samples and the word *only* is omitted in referring to persons who may take blood samples. The testimony of the nurse reflects she was knowledgeable in taking blood samples in alcohol tests, and that she used a non-alcoholic skin prep to avoid getting alcohol in the samples when drawing blood for testing. It is not shown how the appellant was prejudiced by lack of specific directions from a physician in the taking of the samples.

Appellant raises an issue for the first time on appeal that the testimony was conflicting as to whether appellant was under arrest when the blood samples were taken. The issue is of no avail to appellant when no objection was made on this ground at trial. Even if objection had been made below, it was held in *Mercer* v. *State,* 256 Ark. 814, 510 S.W. 2d 539 (1974) that arrest is not necessarily a prerequisite for taking a blood sample for an alcohol test.

Appellant contends the evidence of the blood alcohol test should have been excluded because the blood samples were taken some four hours after the accident and the applicable Health Department regulation provides the samples shall be taken within two hours of an alleged offense. However, there was unrebutted expert evidence that the longer lapse of time had no effect on the results except to reduce the alcohol content. Therefore, the appellant was not prejudiced by the delay in taking the blood samples. *Munn* v. *State,* 257 Ark. 1057, 521 S.W. 2d 535 (1975).

Appellant argues there was a lack of evidence the blood samples were kept at a temperature of 42 degrees farenheit or below as required by the applicable Health Department regulation, and that the samples were not stored in a secure manner.

At trial counsel for appellant specifically waived any objection to the chain of custody of the blood samples, and that issue will not be considered on appeal. However, we point out there was a total absence of any evidence suggesting the blood samples had been tampered with in any way.

The temperature inside the refrigerator where the samples were kept was not established by the evidence. However, the Health Department Chemist gave unrebutted testimony that storing blood at a temperature higher than 42 degrees would cause more alcohol to diffuse out of the container resulting in the test showing a lower volume of alcohol in the blood. We, therefore, find no prejudice to appellant in regard to the temperature of the blood storage.

The appellant argues the court erred in modifying the following instruction offered by appellant:

> Evidence of a basic fact may be considered by you along with all the other evidence in the case in determining the presumed fact but the evidence alone does not impose upon you the duty of finding the presumed fact even if the evidence is unrebutted. .

The court refused the instruction offered and over objection of appellant changed the instruction to read:

> Evidence of the blood test may be considered by you along with all the other evidence in the case determining intoxication but that evidence alone does not impose upon you a duty to find that Ed Nicholas was intoxicated.

The instruction offered was abstract, and there was evidence tending to rebut evidence of intoxication. The instruction given was a correct statement of law and we find no

prejudice to the appellant in the omission of the phrase, "even if the evidence is unrebutted" from the instruction given. Appellant argues a rebuttable presumption arose with reference to the blood alcohol test. However the blood alcohol test showed an alcohol content of .09 per cent, and under Ark. Stat. Ann. § 75-1031.1 (Repl. 1979) no presumption arose by reason of the test result. Therefore, there was no need for an instruction on the statutory presumption.

Appellant finally argues that even if there be no reversible error this court on appeal should modify the sentence to probation. He cites Ark. Stat. Ann. § 27-2144 (Repl. 1979) and *Hadley* v. *State,* 196 Ark. 307, 117 S.W. 2d 352 (1938). In the *Hadley* case the court found a maximum sentence was imposed by the jury by reason of the improper introduction of evidence of other crimes.

In *Abbott* v. *State,* 256 Ark. 558, 508 S.W. 2d 733 (1974), the court held Ark. Stat. Ann. § 43-2725.2 (Repl. 1977) which attempted to vest the appellate court with power to reduce a sentence if deemed excessive, was unconstitutional under Art. 6, § 18 and Art. 4, § 2 of the Arkansas Constitution to the extent that it might be construed as granting such power in absence of error pertaining to the sentence. In *Collins* v. *State,* 261 Ark. 195, 548 S.W. 2d 106 (1977) the court made it clear the power of the appellate court to reduce punishment under Ark. Stat. Ann. § 27-2144 (1979) is limited to cases in which there was error in the sentencing procedure.

The jury fixed the sentences of imprisonment and the fines substantially less than the maximum authorized by law; and the court extended leniency by suspending the prison sentence on the second count. We find no prejudicial error and the court on appeal has no authority to modify the sentence.

Affirmed.