Jack William BEEBE v. STATE of Arkansas

CR 89-204                                    784 S.W.2d 765

Supreme Court of Arkansas
Opinion delivered February 26, 1990
[Rehearing denied April 2, 1990.*]

---

*Price, J., not participating.

*Norwood, Smith & Martin, P.A.*, by: *Doug Norwood*, for appellant.

*Steve Clark*, Att'y Gen., by: *Sandra Bailey Moll*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Jack William Beebe appeals from his conviction of aggravated robbery and theft for which he was sentenced to concurrent sentences of 50 and 60 years imprisonment as an habitual offender. He raises four points of appeal, and we find none of them warrant reversal.

Martha Campbell testified that she and her husband, Jesse Campbell, and Beebe discussed robbing a convenience store. Jesse obtained a shotgun belonging to Martha's brother. He sawed the barrel off. Jesse and Martha made some masks to be used in a robbery. On a Monday, the Campbells and Beebe went to the bank at Centerton, Arkansas. They were driving a blue and white Dodge truck. Jesse and Beebe went inside to look around, and they asked for change for a ten dollar bill. Upon driving away from the bank they discussed the possibility that the surveillance cameras at the bank might cause them to be spotted if they robbed it.

That evening the three picked out a convenience store to rob. The Campbells waited with the truck some distance from the store while Beebe walked to the store and back. The store was closed, so the robbery attempt failed. They then picked out a second convenience store but decided to wait until there were no customers present. Jesse and Beebe stood where they apparently could observe the store, and a policeman came up to them and asked what they were doing. They then returned to Martha and the truck, giving up the attempt to rob the second store.

The next day the Campbells and Beebe decided to rob the bank. They let Jesse out at the bank, and Martha and Beebe went out a dirt road with the truck. As they had planned it, Jesse took a teller's car after the robbery and met Martha and Beebe at the truck. Later that day, they were stopped by police officers while riding around in the truck.

At a pre-trial suppression hearing, Bill Baskin, a state police investigator, testified that he had received a radio transmission to the effect that he should look out for a "rough" blue and white pickup truck with two men and a woman. Physical descriptions were given to Baskin of the persons wanted for investigation in

connection with the bank robbery. Upon seeing a truck with occupants matching the description, he stopped the truck.

The Campbells and Beebe were separated from each other, and they gave conflicting stories about where they were going. Beebe was sent to a state police vehicle where he was put in the back seat from which he could not get out without help from outside. Martha was then placed in the car with Beebe, and they were taken to the sheriff's office for continued investigation. They were not told they were not obliged to go.

Martha had left her purse on the seat of the truck. When the purse was searched for weapons, the money from the bank robbery was found. The officer driving Martha and Beebe received a radio transmission to place them under arrest, and he did so after stopping the car and handcuffing them. An FBI agent had told officers at the scene of the traffic stop that people matching the descriptions of the Campbells and Beebe had been seen the day before "casing" the bank. In addition, two bank tellers who had been victims of the robbery were brought to the scene. One of them identified Martha and Beebe as having been at the bank the day before. Apparently that information was not passed on to the officer who drove Beebe and Martha to the sheriff's office.

Beebe was questioned at the sheriff's office. The prosecutor, David Clinger, participated in the questioning. He told Beebe that the sentence for aggravated robbery was ten to forty years or life imprisonment and did not mention possible enhancement based on previous convictions. Speaking apparently to Beebe and the Campbells, Clinger said, "As far as making an armed robbery case, we don't need a single thing out of any of you all's mouth." Beebe testified at the pre-trial hearing that he would not have made a statement had he known his sentence could have been different from that stated by Clinger.

### 1. Suppression of Beebe's statement

Beebe contends his statement to the police should have been suppressed because his arrest was unlawful and the police failed to comply with Ark. R. Crim. P. 2.3 and 3.1. The statement is not included in the abstract of the record. We have no idea whether the statement was prejudicial. Rule 11(f) of the Rules of

the Arkansas Supreme Court and Court of Appeals requires an abstract of the parts of the record which are material to the points to be argued in the brief. *Nichols* v. *State*, 268 Ark. 541, 595 S.W.2d 237 (Ark. App. 1980). *See Moser* v. *State*, 262 Ark. 329, 557 S.W.2d 385 (1977). Without knowing whether the statement was prejudicial, we cannot review the question presented.

### 2. Prior bad acts

Beebe moved *in limine* to suppress testimony about the planning of the convenience store robberies. He contends it was error to deny the motion because the testimony was more prejudicial than probative. In *Price* v. *State*, 268 Ark. 535, 597 S.W.2d 598 (1980), we stated that one of the elements to be considered under A.R.E. 404(b) in determining whether the evidence of prior bad acts could be admitted was the A.R.E. 403 test of probative value versus unfairly prejudicial effect. The evidence here meets the other elements of the Rule 404(b) test because it shows Beebe's participation in a continuing course of conduct or plan to commit an aggravated robbery.

Whether the probative value of the testimony about prior bad acts outweighs any unfair prejudice is a question within the discretion of the trial judge, and we will not disturb the trial judge's decision absent an abuse of discretion. *Bennett* v. *State*, 297 Ark. 115, 759 S.W.2d 799 (1988).

Beebe cites *Golden* v. *State*, 10 Ark. App. 363, 664 S.W.2d 496 (1984), in which the court of appeals found error in admitting evidence of three burglary convictions which were unrelated to the one charged. The court noted the other evidence in the case and pointed out that it was unnecessary to refer to the earlier convictions.

We cannot hold that the court abused its discretion in permitting Martha to testify about the events leading up to the bank robbery. Beebe was charged as an accomplice. The other evidence against Beebe was strong but circumstantial. It was based on his presence and association with the Campbells immediately prior to and after the robbery. Martha Campbell's testimony that Beebe participated in the planning and attempting of the two convenience store robberies within 24 hours of the bank robbery was directly and highly probative that he was a partici-

pant in the bank robbery. The unfair prejudice was minimal in comparison.

### 3. Prosecutor's participation

Beebe argues that because Prosecutor Clinger participated in questioning him and made misleading statements to him, any statement by Beebe to the police should have been suppressed or else he should have been allowed to call Clinger as a witness. He claims his rights under the Sixth and Fourteenth Amendments have been violated.

We do not approve of a prosecutor participating in a criminal investigation in such a manner as might cause him to become a witness. *Duncan* v. *State*, 291 Ark. 521, 726 S.W.2d 653 (1987). The argument here, however, is that Clinger should have been required to testify when Beebe called him as a witness. It is contended that his testimony would have shown that Beebe's statements to the police were the result of overreaching because of Clinger's remarks about the sentence for aggravated robbery and whether any statements from Beebe were needed for a case against him.

As noted above, we have no idea what statement or statements were made by Beebe. Unlike the *Duncan* case, there were no remarks by the prosecutor at the trial which amounted to testimony about the interrogation of the defendant. The argument has no merit.

### 4. Comment on Beebe's failure to testify

In closing argument, a deputy prosecutor reviewed the evidence presented by the state and said, "I submit to you that that evidence has not been disputed." He then made reference to various witnesses' testimony, some of which had not been challenged by cross-examination.

No objection was made by the defense until the conclusion of the state's argument. The remark was not necessarily a comment on Beebe's failure to testify as the state's evidence could have been disputed by evidence other than testimony by the accused. Even if the comment had been improper, the objection came too late, *Houston* v. *State*, 293 Ark. 492, 739 S.W.2d 154

436

(1987), and Beebe did not fulfill his obligation to obtain a ruling on it in order to preserve the point for appeal. *Wood* v. *State*, 276 Ark. 346, 635 S.W.2d 224 (1982).

Affirmed.