Jack Williams BEEBE *v.* STATE of Arkansas

CR 89-204 · 799 S.W.2d 547

Supreme Court of Arkansas
Opinion delivered November 19, 1990

*Doug Norwood*, for petitioner.

*Steve Clark*, Att'y Gen., by: *Sandra Bailey Moll*, Asst. Att'y Gen., for respondent.

PER CURIAM. The petitioner Jack Beebe was convicted of

aggravated robbery and two counts of theft of property. He was sentenced as an habitual offender to fifty years for aggravated robbery, thirty-five years imprisonment on one count of theft of property, and twenty-five years imprisoment on the other count of theft of property. The term of twenty-five years was to be consecutive to the term of thirty-five years for a total of sixty years; those two sentences would run concurrently with the term of fifty years. The convictions were affirmed. *Beebe* v. *State*, 301 Ark. 430, 784 S.W.2d 765 (1990). The petitioner now seeks permission to proceed in circuit court for post-conviction relief pursuant to Criminal Procedure Rule 37.

■■ The petitioner maintains that his trial counsel was ineffective. To prevail on a claim of ineffective assistance of counsel, the petitioner must show first that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the sixth amendment. Second, the petitioner must show that the deficient performance prejudiced the defense, which requires showing that counsel's errors were so serious as to deprive the petitioner of a fair trial. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The petitioner must show there is a reasonable probability that, but for counsel's errors, the factfinder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. In making a determination on a claim of ineffectiveness, the totality of the evidence before the judge or jury must be considered. *Strickland* v. *Washington*, 466 U.S. 668 (1984).

The petitioner was arrested with two others, Jesse and Martha Campbell, for robbing a bank in Centerton, Arkansas. During questioning, the petitioner made two statements to the authorities. At trial and on appeal, the petitioner contended that the statements should be suppressed because they were made subsequent to an illegal arrest. This court refused to consider the argument on appeal because the petitioner's counsel failed to

abstract the statements. The petitioner argues now that his trial counsel was ineffective for failing to submit a proper abstract.

The petitioner claims that the statements were inadmissible because he was unlawfully seized in violation of the Fourth Amendment to the United States Constitution since the police did not have probable cause to believe that he had committed any crime. He argues further that the authorities violated Arkansas Rules of Criminal Procedure 2.3 and 3.1 because when they requested that he go to the police station, they did not make it clear that there was no legal obligation to do so and because the officers detained him more than fifteen minutes.

Arkansas Rule of Criminal Procedure Rule 2.3 provides that if a law enforcement officer requests a person come to or remain at a police station, prosecuting attorney's office or similar place, he shall take reasonable steps to make it clear that there is no legal obligation to comply with the request.

Arkansas Rule of Criminal Procedure 3.1 states:

> A law enforcement officer lawfully present in any place may, in the performance of his duties, stop and detain any person who he reasonably suspects is committing, has committed, or is about to commit (1) a felony, or (2) a misdemeanor involving danger of forcible injury to persons or of appropriation of or damage to property, if such action is reasonably necessary either to obtain or verify the identification of the person or to determine the lawfulness of his conduct. An officer acting under this rule may require the person to remain in or near such place in the officer's presence for a period of not more than fifteen (15) minutes or for such time as is reasonable under the circumstances. At the end of such period the person detained shall be released without further restraint, or arrested and charged with an offense.

Bill Baskin, a state police investigator, testified that he received a radio transmission that a bank in Centerton had been robbed and that he should watch for a "rough" blue and white pickup truck occupied by two men and a woman. He was given physical descriptions of the suspects. Upon proceeding to the scene, he saw a truck with occupants who matched the description

he had received, and stopped the truck. The Campbells and the petitioner gave conflicting stories when they were separated from each other. The petitioner was put in the back seat of a state police car from which he could not get out unless the door was opened from the outside. An FBI agent at the scene of the stop told the officers that people matching the description of the Campbells and the petitioner were seen the day before at the bank, looking it over as if they were "casing" it. Two bank tellers, who were victims of the robbery, were also brought to the scene and one identified Martha and the petitioner as having been at the bank the day before. Martha Campbell was placed in the car with the petitioner and they were taken to the sheriff's office. They were not told that they were not required to go.

Martha's purse was left on the seat of the truck. Officers searched the purse for weapons and found the money from the bank robbery. Via radio, the officer driving Martha and the petitioner was instructed to place them under arrest. There was testimony that the suspects were detained approximately thirty-five minutes prior to their arrest.

Arkansas Rules of Criminal Procedure Rule 3.1 requires only that an officer who reasonably suspects that a crime has been committed may stop a person for a period of not more than fifteen minutes "or for such time as is reasonable under the circumstances." Given the information that the officers had at the time of the stop, it was reasonable that the petitioner was held longer than fifteen minutes. Moreover, the officers had probable cause to arrest the petitioner for being an accomplice to the armed robbery of the bank before he was put in the police car since he was identified as having been at the bank the day before, was found in a truck with two others matching the description of the suspects, and had given a statement which conflicted with his companions' statements. "Probable cause exists where the facts and circumstances within the officers' knowledge and of which they had reasonable trustworthy information are sufficient in themselves to warrant a man or reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." Coble v. State, 274 Ark. 134, 624 S.W.2d 421 (1981). "Determination of probable cause is based upon the factual and practical considerations of every day life upon which reasonable and prudent men act. All presumptions are favorable to the trial

court's ruling on the legality of the arrest, and the burden of demonstrating error rests on the appellant." *Reed* v. *State*, 280 Ark. 316, 657 S.W.2d 557 (1983); *Brewer* v. *State*, 271 Ark. 810, 611 S.W.2d 179 (1981).

Since the officers had probable cause to arrest the petitioner, and since the Rules of Criminal Procedure were not violated, the petitioner's statements were not tainted by an illegal arrest. Therefore, his attorney cannot be said to be ineffective for failing to abstract his statements because, even if the statements had been abstracted, there was no reversible error committed.

Petition denied.