Willie Rayburn REYNOLDS *v.* STATE of Arkansas

CR 92-722                                        840 S.W.2d 795

Supreme Court of Arkansas
Opinion delivered October 26, 1992

*William R. Simpson, Jr.*, Public Defender and *Thomas B. Devine III*, Deputy Public Defender by: *Phillip Hendry*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Willie Rayburn Reynolds, the appellant, was convicted of capital murder and sentenced as an habitual offender to life imprisonment without parole. His sole point of appeal is that the Trial Court failed to rule on his suggestion that he was not competent to stand trial, citing *Robertson* v. *State*, 298 Ark. 131, 765 S.W.2d 936 (1989). We affirm the conviction.

Reynolds was arrested shortly after the body of an elderly man bludgeoned to death with a clawhammer was found. He gave a statement that he acted in self-defense. He pleaded not guilty by reason of mental defect in November of 1989 and was committed for evaluation in March of 1990. At that time he was found unfit to proceed with trial because he was unable to assist his attorney in the preparation of a defense.

Reynolds was treated and found fit to proceed in November of 1990. A hearing was held on Reynolds' ability to assist in his defense which resulted in the Court finding him fit and ordering

the trial to proceed. Another request for a mental health evaluation was made in January of 1991 and a second evaluation performed. Following a second sanity hearing on October 4, 1991, Reynolds was again found fit and able to assist in his defense. On December 16, 1991, a third evaluation was sought. The Court denied the request as there was no indication that Reynolds' condition had changed.

At the beginning of the trial on February 25, 1992, Reynolds' counsel restated his belief that Reynolds was not competent to proceed. Counsel acknowledged that the Court had denied the third request and then said, "We are just preserving our record." Even if this constituted yet another motion for mental evaluation, it is clear that counsel did not seek an additional ruling as it was his duty to do. *Slay* v. *State*, 309 Ark. 507, 832 S.W.2d 217 (1992); *Beebe* v. *State*, 301 Ark. 430, 784 S.W.2d 765 (1990).

In the *Robertson* case, the Trial Court said he refused to "make any rulings as to his [Robertson's] mental condition and his abilities to consult with anybody or help anybody." The distinction between that case and this one is obvious. Here the Trial Court had made its ruling as to Reynolds' competency, and there is no suggestion that issue was left to the jury to decide.

The record has been examined in accordance with Ark. Sup. Ct. R. 11(f), and it has been determined that there were no rulings adverse to the appellant which constituted prejudicial error.

Affirmed.