Ms. Caran Curry Prosecutor Coordinator 323 Center, Suite 750 Little Rock, AR 72201
Dear Ms. Curry:
This is in response to your request for an opinion on several questions regarding domestic violence protection orders. Your questions are asked with reference to the following set of facts: A deputy sheriff, during a routine traffic stop, receives information over the radio from the Arkansas Crime Information Center ("ACIC")[1] that a temporary protection order has been issued against the driver. The protection order has not been served.
You have asked:
 1. May the deputy sheriff detain the driver, so that the sheriff's office can effect service? If so, how long can he be detained?
 2. Can service be effected verbally? If not permitted, then can the law be changed to permit such (as some other states have done), or is this strictly within the jurisdiction of the Supreme Court's rulemaking authority?
 3. If the sheriff's office does not have the authority to detain the individual, so that service is not perfected, is there any type of liability that would attach to the sheriff's department for encountering the individual and not perfecting service at that time? For example, if, after receiving the traffic ticket and being informed that a protection order was issued, suppose the individual then kills the person who sought the order. Is the sheriff's department liable for the victim's death for failure to serve the order?
 4. In the event the individual is verbally told by the officer that there has been a protection order issued against him and is told the conditions of the order, if the individual then violates the order, is the individual guilty of Violation of a Protective Order (A.C.A. § 5-53-134)? In other words, does the officer's verbal notice constitute actual notice for the purposes of violation of a protection order?
The answer to your first question will depend upon all of the facts and circumstances surrounding the traffic stop. The fact that a temporary protection order has been issued will not in itself justify detaining the driver. See generally A.C.A. § 16-81-201 et seq. and ARCrP 3.1 and 3.2 for provisions governing detention without arrest. If there is some separate legitimate justification for the detention,[2] service may be incidentally effected. But the reasonableness of the detention, including its length, will be judged based upon the circumstances surrounding the stop. See generally Stout v. State, 304 Ark. 610, 804 S.W.2d 686 (1991);Beebe v. State, 303 Ark. 691, 799 S.W.2d 547 (1990); Richardson v.State, 288 Ark. 407, 706 S.W.2d 363 (1986).
It is my opinion that the answer to the first part of your second question is "no." An attempt to effect service verbally would not comply with the Arkansas Rules of Civil Procedure ("ARCP" or "Rules") (see ARCP 4), as required by A.C.A. § 9-15-206 (Repl. 1993) (part of the Domestic Abuse Act of 1991), wherein it states:
 (e) Upon the issuance of an ex parte temporary order, a copy of the order together with a copy of the petition (excluding, pursuant to court order, the address of the petitioner) and notice of the date and place set for the full hearing shall be served in accordance with applicable rules of service under the Arkansas Rules of Civil Procedure.
A.C.A. § 9-15-206(e) (emphasis added).[3]
With regard to the General Assembly's authority to permit service to be effected verbally, it is my opinion that such legislation would likely be subject to challenge as being in conflict with the Arkansas Rules of Civil Procedure. The Arkansas Supreme Court in State v. Sypult,304 Ark. 5, 800 S.W.2d 402 (1990), redefined the parameters of shared rule-making power with the legislature, stating that it will give deference to legislation involving rules of procedure "only to the extent the legislation is compatible with our established rules."304 Ark. at 9. As stated by the court, "[w]hen conflicts arise which compromise these rules, our rules remain supreme." Id.
With regard, specifically, to service of process, the court has held that this area is preempted by ARCP 4. Lyons v. Forrest City Machine Works,Inc. 301 Ark. 559, 785 S.W.2d 220 (1990). See also May v. Bob HawkinsDistributing Co., 301 Ark. 494, 785 S.W.2d 23 (1990). I believe these decisions would cast serious doubt on legislation that permitted service to be effected verbally, where such method of service is not otherwise allowed by court rule.
It should perhaps be noted that I have considered in this regard the possible application of ARCP 81(a), which creates an exception from the rules in the case of special proceedings created by statute where the procedures are different from those applicable to civil actions. SeeWeidrick v. Arnold, 310 Ark. 138, 144, 835 S.W.2d 843 (1992) (holding that ARCP 3 supersedes statutory provisions purporting to govern the procedure for commencing a medical malpractice action). Rule 81(a) states:
 (a) Applicability in General. These rules shall apply to all civil proceedings cognizable in the circuit, chancery, and probate courts of this State except in those instances where a statute which creates a right, remedy or proceeding specifically provides a different procedure in which event the procedure so specified shall apply.
The court in Weidrick, supra at 145, set forth the cases decided over the years wherein the court has referred to special proceedings created by statute which do not constitute civil actions. These include proceedings to probate a will, garnishment proceedings, election contests, a will contest, an action in replevin, commitment of a tubercular person, petition to levy a tax, land condemnation proceeding, changing of a county seat, proceeding for protecting assets of an insolvent insurance organization, and a special proceeding for committing a child to reform school. Id.
It can be seen from this list that these cases did not involve "ordinary proceeding[s] . . . by one (1) party against another for the enforcement or protection of a private right or the redress or prevention of a private wrong." A.C.A. § 16-55-102(a)(2) (1987) (Arkansas Code definition of "civil action.")[4] While some uncertainty may remain in this regard (see Op. Att'y Gen. 91-277), proceedings under the Domestic Abuse Act (A.C.A. § 9-15-201 et seq.) would, by comparison, appear to fall more within the "civil action" definition. This conclusion may be buttressed by the Arkansas Supreme Court's determination that several Code provisions involving injunctions have been superseded by the Arkansas Rules of Civil Procedure. See S. Ct. Per Curiam of Nov. 24, 1986 (regarding supersession of A.C.A. §§ 16-113-103, -201, -203 and -302). If faced with the question, a court might also rely upon its holding inWeidrick, supra (regarding rules for commencement of civil actions), and conclude that the rules governing service of process are among those rules that are "basic to the civil process." 310 Ark. at 146. In the event of a conflict, the court rules would govern.
It is therefore my opinion that a court rule would in all likelihood be necessary in order to effect service verbally.
In response to your third question concerning any liability of the sheriff's office if service is not perfected, it is difficult to conceive of liability given the tort immunity of the county. A.C.A. § 21-9-301
(Supp. 1995). I of course cannot conceive of every possible legal action which might be brought under the attendant facts. But local governmental immunity will generally prevail under Arkansas law in an action for damages based in tort. Id.
Whether there could be some theory of liability, given the facts in a particular case, to which the grant of immunity would not apply is a question that must be addressed case-by-case. Because the county does not share in the state's immunity from § 1983 (42 U.S.C. § 1983) civil rights actions (see Mosier v. Robinson, 722 F. Supp. 555 (W.D. Ark. 1989)), the possibility of a 1983 cause of action for deprivation of a constitutional right should perhaps be noted. Section 1983 provides for the recovery of damages and injunctive relief against governmental bodies that deprive a plaintiff of rights, privileges, or immunities secured by the Constitution and laws of the United States. See generally Parratt v. Taylor,451 U.S. 527 (1981), rev'd. on other grounds, Daniels v. Williams,474 U.S. 327 (1986).
I cannot render any definitive opinion concerning the county's potential liability in this regard because this would require anticipating the acts or omissions of the sheriff's department that might be asserted as the basis of any such liability. This falls outside the ordinary scope of an opinion from this office. I do not, however, perceive any potential liability regularly arising simply as a result of the sheriff's office not perfecting service of an ex parte temporary order of protection during a routine traffic stop.
Your last question, involving the offense of "violation of an order of protection" under A.C.A. § 5-53-134,[5] can only be conclusively answered through prosecution of a case because the question whether the individual had "actual notice" is a question of fact. See generally
58 Am. Jur. 2d Notice § 42 (1989). As a general matter, however, if the subject of an order of protection is told that an order has been issued and is told the conditions or provisions of the order, it appears that he will have received "actual notice," as that term ordinarily includes that which is "directly and personally given to the person to be notified." 58 Am. Jur. 2d Notice § 5. See also 66 C.J.S. Notice § 3 (1950) and Black'sLaw Dictionary 957 (5th ed. 1979). Where information is provided directly, as in the situation you have described, it seems that this would constitute express actual notice, which has been further defined as "that which is communicated by direct information, either written or oral." 66 C.J.S. Notice § 4 and Black's Law Dictionary at 958. The word "notice" does not necessarily imply notice given in writing. 66 C.J.S.Notice § 16. When not otherwise required, a verbal or oral notice may be sufficient and as effective as a written notice, provided it conveys the necessary information. Id.
Thus, in response to your last question, while this ultimately requires a factual determination, the verbal notice may constitute "actual notice" under these circumstances for purposes of § 5-53-134(a)(2). This is of course distinct, however, from your second question, involving effectingservice of process verbally. In order to meet the service requirement under § 9-15-206(e), supra at 3, the temporary order of protection must be served in accordance with ARCP 4, which makes no provision for verbal service.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Arkansas Code Annotated § 12-12-215 (Repl. 1995) requires that the sheriff enter information concerning domestic violence protection orders into the ACIC system.
[2] Rule 3.1 of the Arkansas Rules of Criminal Procedures states:
 A law enforcement officer lawfully present in any place may, in the performance of his duties, stop and detain any person who he reasonably suspects is committing, has committed, or is about to commit (1) a felony, or (2) a misdemeanor involving danger of forcible injury to persons or of appropriation of or damage to property, if such action is reasonably necessary either to obtain or verify the identification of the person or to determine the lawfulness of his conduct. An officer acting under this rule may require the person to remain in or near such place in the officer's presence for a period of not more than fifteen (15) minutes or for such time as is reasonable under the circumstance. At the end of such period the person detained shall be released without further restraint, or arrested and charged with an offense.
[3] ARCP 65(a)(1) states that "[e]very preliminary injunction or temporary restraining order granted without notice shall be filed with the clerk and a copy served upon the party restrained in the manner prescribed by Rule 4 of these rules."
[4] The court has looked to this statutory definition of "civil action" and the definition of "special proceeding" in § 16-55-102(a)(21) ("every remedy in a civil case other than a civil action"), in construing ARCP 81(a). See Weidrick, 310 Ark. at 144, citing Garrett v. Andrews,294 Ark. 160, 741 S.W.2d 257 (1987).
[5] Section 5-53-134 states in relevant part:
 (a) A person commits the offense of violation of an order of protection if:
* * *
 (2) He has received actual notice or notice pursuant to the Arkansas Rules of Civil Procedure of a temporary order of protection or an order of protection pursuant to the Domestic Abuse Act of 1991, § 9-15-101 et seq[.]
A.C.A. § 5-53-134(a)(2) (Repl. 1993) (emphasis added).