Anthony REED *v.* STATE of Arkansas

CR 83-73                                    657 S.W.2d 557

Supreme Court of Arkansas
Opinion delivered October 3, 1983

*William R. Simpson, Jr.,* Public Defender, and *Arthur L. Allen,* Deputy Public Defender, by: *Arthur L. Allen,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

RICHARD B. ADKISSON, Chief Justice. Appellant, Anthony Reed, was convicted and sentenced for burglary, 25 years; robbery, 45 years; and rape 45 years. The trial court ordered the latter two sentences to run consecutive to each other but concurrent with the burglary sentence. Appellant argues on appeal that the trial court erred in admitting his confession into evidence. On appeal we affirm.

Appellant first argues the confession should have been excluded as a product of an illegal detention because the warrant of arrest was issued without probable cause. See *Brown* v. *Illinois,* 422 U.S. 590 (1975). Appellant was arrested in connection with a different incident of burglary, aggravated robbery, and rape from the one now on appeal. In the incident which led to appellant's arrest, the victim had called her neighbor for help. The neighbor saw a man across the street who broke and ran at his approach. After chasing the man for several blocks, he came upon two young persons who said they had just seen someone they knew as Lump run by from the same direction. Later, the two young persons identified appellant as the man who ran by. The

photo spread was then shown to the victim who identified the photo of appellant as looking like her assailant. This information was given to the judicial officer who issued the warrant for appellant's arrest.

Arkansas Rules of Criminal Procedure Rule 7.1 (b) authorizes a judicial officer to issue an arrest warrant if from the information presented it appears there is reasonable cause to believe an offense has been committed and the person to be arrested committed it. "Probable cause exists where the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." *Coble* v. *State,* 274 Ark. 134, 138, 624 S.W.2d 421 (1981). Determination of probable cause is based upon the factual and practical considerations of everyday life upon which reasonable and prudent men act. *Brewer* v. *State,* 271 Ark. 810, 611 S.W.2d 179 (1981); *Sanders* v. *State,* 259 Ark. 329, 532 S.W.2d 752 (1976). All presumptions are favorable to the trial court's ruling on the legality of the arrest, and the burden of demonstrating error rests on the appellant. *Thorne* v. *State,* 274 Ark. 102, 622 S.W.2d 178 (1981); *Brewer* v. *State, supra.* Based on the facts of this case, we cannot say the trial court erred in finding probable cause for appellant's arrest.

Appellant next argues that the confession was inadmissible because appellant was not properly advised of his rights according to *Miranda* v. *Arizona,* 384 U.S. 436 (1966). Shortly after his arrest, appellant was read his *Miranda* rights and signed a rights waiver form. Appellant was then questioned regarding several incidents. The confession concerning the incident we are here considering was given only two and one half hours after he was advised of his rights. The trial court ruled it was not necessary for the police to read appellant his rights in regard to each individual incident. We have long since held that *Miranda* warnings need not be given anew before questioning about a different crime. *Heard* v. *State,* 244 Ark. 44, 48, 424 S.W.2d 179, 181 (1968). Upon review of the record, we agree with the

trial court's finding that appellant was properly advised of his rights and that the resulting confession was admissible in evidence.

Affirmed.