Joe W. KING *v.* STATE of Arkansas

CR 90-282 804 S.W.2d 360

Supreme Court of Arkansas
Opinion delivered February 25, 1991.

*Robert Meurer*, for appellant.

*Ron Fields*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. The appellant was driving his car in the City of Beebe when an auxiliary officer stopped him for a traffic violation. The auxiliary policeman saw that appellant appeared to be intoxicated, so he radioed his supervising officer and administered a field sobriety test. The supervising officer arrived, arrested appellant, and took him to the police station. There, he observed appellant for the required twenty minutes, and gave him a breathalyzer test. The result was a blood alcohol content of .22%.

The appellant moved to suppress the results of the field sobriety test and breathalyzer test because, he alleged, the supervising officer did not meet the minimum standards set by the Commission on Law Enforcement Standards and Training. The trial court refused to suppress the evidence. We affirm that ruling.

Ark. Code Ann. § 12-9-303 (a) and (b) (1987) provides that the authority of an auxiliary police officer is derived from his supervision by a certified officer, but if the supervising officer does not meet the standards for a certified officer, the auxiliary officer shall have no authority except that of a private citizen. Ark. Code Ann. § 12-9-108 (1987) provides that the failure of a regular police officer to meet the qualifications set by the Commission on Law Enforcement Standards and Training requires that his official actions "be held as invalid."

Appellant argues that section 1002 (1), (2), and (4) of the Standards requires that a police officer's personnel file contain, among other things, a high school diploma or a G.E.D. certificate and a report from a physician stating that the officer is in good physical health. He then contends that the trial court erred in holding that the supervising officer's personnel file contained these documents, and that the trial court erred in refusing to suppress the evidence.

■■ We need not determine whether the trial court was clearly erroneous in his finding of fact that the supervising officer's personnel file contained a diploma and physical report, because, even if it did not, the supervising officer was grandfathered in by statute. Ark. Code Ann. § 12-9-106(e)(1) (1987) provides that law enforcement officers serving under full-time permanent appointment on December 31, 1977, are not required to meet the standards as long as they are continuously employed. The supervising officer in this case testified he had been employed continuously as a full-time police officer for the past fourteen years, or since 1976, at various police departments. On cross-examination he did state there had been one interval of three weeks between the time he worked for the Cities of Stuttgart and England, but he was not asked whether he was on some type of leave during this period. Thus, it cannot be said that his testimony that he had been continuously employed as a policeman was in error. *See Kittler* v. *State*, 304 Ark. 344, 802 S.W.2d 925 (1991). In addition, even if appellant were not grandfathered in, we would not reverse for refusal to apply the exclusionary rule under those circumstances. *State* v. *Henry*, 304 Ark. 339, 802 S.W.2d 448 (1991).

■ Appellant next argues that a prior conviction for

driving while under the influence should not have been used to enhance his sentence. He contends that the certified copy of the prior conviction does not show a knowing and intelligent waiver of his right to assistance of counsel. The docket sheet contains the following: "On 11/11/87, after waiving his right to consult with an attorney, Mr. King plead guilty to DWI first offense." The authenticity of the certified copy of the docket sheet is not questioned.

The appellant cites a number of cases which stand for the proposition that an accused must make a voluntary, knowing, and intelligent waiver of his right to counsel. The minimum for determining whether a waiver was knowing and intelligent is a record which shows that the accused was made aware of the dangers and disadvantages of self-representation, and that he understood the consequences of his choice. The general statement is applicable to matters on direct appeal or post-conviction proceedings, but the issue here is, must we apply the same standard to collateral proceedings? We think not.

The overwhelming majority of DWI misdemeanor cases are disposed of in municipal courts. The usual "record" from such courts is the docket sheet. Such a limited record usually is not going to be detailed enough to show a voluntary, knowing, and intelligent waiver such as we require on direct appeal. As a practical matter, if the appellant were successful in his argument, it would wholly frustrate the intended effect of the enhancement concept of the Omnibus DWI Act. Even so, if the record were not sufficient to create a reliable presumption that the guiding hand of counsel was available, his argument would prevail. Here, however, the record is sufficient to create a presumption of regularity.

The constitutionally protected right to counsel will not be presumed from a silent record, *Baldasar* v. *Illinois*, 446 U.S. 222 (1980), but here the record is not silent. Instead, it reflects that he waived "his right to consult with an attorney. . . ." Such language is sufficient to create a presumption that the guiding hand of counsel was available in order to withstand collateral attack.

There must be a finality to all litigation, criminal as well as civil. The general rule is that a defendant who does not appeal a

criminal conviction must be barred from collaterally attacking a judgment. There are exceptions to the general rule, but none of them are applicable to the facts of this case. Accordingly, we affirm the ruling that the judgment in this case is regular on its face and not subject to collateral attack.

Affirmed.