William R. SMITH *v.* STATE of Arkansas

CR 91-294

870 S.W.2d 716

Supreme Court of Arkansas
Opinion delivered February 21, 1994
[Rehearing denied April 11, 1994.]

*Keith Carle*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. On February 26, 1991, appellant was convicted in municipal court of a misdemeanor. On March 25, 1991, he filed a motion in circuit court and asked to prosecute a limited appeal to that court as a pauper. On May 10, 1991, the circuit court denied the motion. On May 30, 1991, more than ninety days after the date of conviction, appellant filed in circuit court his notice of appeal, along with the municipal court record. His appeal asked only that the circuit court review a motion to suppress evidence that he had filed in municipal court. The circuit court affirmed the municipal court's denial of the motion to suppress and affirmed the conviction. Appellant sought another limited appeal to the court of appeals. The Attorney General asked the court of appeals to dismiss the case for lack of jurisdiction. The court of appeals certified the case to this court. We dismiss the appeal. We address neither the merits of the case, nor the propriety of the limited appeal in circuit court.

Rule 9 of the Inferior Court Rules governs appeals from municipal court to circuit court. Subsection (a) of the rule provides that the appeal of a civil case from municipal court to circuit court must be filed in the circuit clerk's office within thirty days from the date of entry of the judgment. Subsection (b) provides that an appeal is taken by filing a record of the proceedings in municipal court. In this case, the necessary record would have included the information, the motion, and the judgment of the municipal court. *See* Inferior Ct. R. 9, Reporter's Note 2.

Appellant admits that Rule 9 governs appeals of civil cases to circuit court, but denies that it applies to criminal cases. We have previously held that the rule applies to criminal cases, *see, e.g., Ottens* v. *State,* CR 93-765 (Ark. February 14, 1994); *Bocksnick* v. *City of London,* 308 Ark. 599, 825 S.W.2d 267 (1992), and we have said that the thirty days begins to run from the date the judgment is entered in the municipal court docket. *See West Apartments, Inc.* v. *Booth,* 297 Ark. 247, 760 S.W.2d 861 (1988). We have also ruled that the thirty-day requirement for filing the record is mandatory and jurisdictional. *Bocksnick; Edwards* v. *City of Conway,* 300 Ark. 135, 777 S.W.2d 583 (1989). Since appellant failed to timely file the municipal court record in circuit court, the municipal court judgment became final, and the circuit court never gained jurisdiction of the appeal.

Appellant contends that he substantially complied with Rule 9 when he filed a motion in circuit court asking to proceed as a pauper. We need not address the question of whether substantial compliance would suffice because the abstract does not reflect that any part of the record was tendered to the circuit clerk while the motion was pending, and it does not reflect that the motion to proceed as a pauper contained any part of the record. As reflected in the abstract, it contained only statements of the appellant. Thus, there was no compliance with the rule.

Appellant next contends that under Rule 36.22 of the Rules of Criminal Procedure, the time for appeal was stayed until the motion to proceed as a pauper was ruled on by the circuit court. Rule 36.22 stays time for appeal while specified posttrial motions are pending in the trial court. The motion to proceed as a pauper in circuit court was not one of the specified posttrial

motions, and it was not pending in the trial court. The trial court in this case was the municipal court, so a motion filed in circuit court cannot possibly come within the rule. We need not decide whether the rule is applicable to municipal courts. Finally, overriding each of appellant's enlargement of time arguments are our holdings that a circuit court has no authority to accept an untimely appeal, and a circuit court has no authority to grant a belated appeal. *Edwards* v. *City of Conway*, 300 Ark. 135, 777 S.W.2d 583 (1989).

Appeal dismissed.