Richard Alan FRANA *v.* STATE of Arkansas

CR 95-605 912 S.W.2d 930

Supreme Court of Arkansas
Opinion delivered January 8, 1996

*Doug Norwood*, for appellant.

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was arrested and issued citations for driving while intoxicated, improper lane change, and violation of the implied-consent law. The citations were filed as three separate cases in the Municipal Court of Bentonville. Appellant pleaded not guilty to all three charges, but subsequently appeared, and a judgment of conviction was entered on the court's docket by use of a rubber stamp and with the blanks filled in, which reflects that appellant entered a plea of guilty to the DWI charge. The municipal court docket sheet does not show that he entered guilty pleas on either of the other charges, or that he was tried for either of them. It reflects that they were "merged." Appellant filed a notice of appeal to the circuit court, which appealed only the DWI case.

Over appellant's objection, the circuit court ruled that appellant would be tried *de novo* on all three charges. A jury found appellant not guilty of improper lane change and guilty of violation of the implied-consent law, but was unable to reach a verdict on the DWI charge. Appellant appeals from the conviction in circuit court of violation of the implied-consent law. We affirm.

Appellant raises four points of appeal, but, in oral argument before this court, acknowledged that *Cook* v. *State*, 321 Ark. 649, 907 S.W.2d 672 (1995), recently decided three of the points. As a result, we do not discuss those three points.

In his remaining point of appeal, appellant contends that the procedure in circuit court, which forced him to stand trial for violation of the implied-consent law, violated the Double Jeopardy Clause. We affirm on this point because the record neither shows that appellant was threatened with multiple punishments for violation of the implied-consent law nor shows that there was a threat of successive prosecutions on the charge. *See State* v. *Schaub*, 310 Ark. 76, 832 S.W.2d 843 (1992). The record does not show that appellant was either convicted or acquitted of this charge in municipal court. It only shows that he

pleaded not guilty and the charge was "merged."

The record does not show how the term "merged" was used in municipal court, and we will not speculate about its use. The term is ordinarily used when lesser-included offenses are merged into greater offenses. *See* Ark. Code Ann. § 5-1-110 (Repl. 1993); and *see, e.g., Withers* v. *State*, 308 Ark. 507, 825 S.W.2d 819 (1992); *Burks* v. *State*, 293 Ark. 374, 738 S.W.2d 399 (1987). However, in this case, violation of the implied-consent law was not a lesser offense included in driving while intoxicated, and the offense of driving while intoxicated is not a lesser-included offense of violation of the implied-consent law, and they are not based on the same conduct. Driving while intoxicated is operating or being in actual physical control of a motor vehicle while intoxicated or while having one-tenth of one percent (0.10%) or more by weight of alcohol in the person's blood. Ark. Code Ann. § 5-65-103 (Repl. 1993). Any person who operates a motor vehicle is deemed to have consented to having his blood, breath, or urine tested for alcohol or controlled substances if the driver is arrested for driving while intoxicated or driving while there was one-tenth of one percent (0.10%) or more of alcohol in the person's blood, or other provisions not applicable to this case. Ark. Code Ann. § 5-65-202 (Repl. 1993).

From the above it can be seen that driving while intoxicated and violation of the implied-consent law are not the same offenses, one is not a lesser-included offense of the other, and they would not be "merged" in the ordinary use of the word. In short, the record does not reflect that the Double Jeopardy Clause was violated.

Affirmed.