Adam CLARK  *v.*  STATE of Arkansas

CR 04-1366                                       210 S.W.3d 59

Supreme Court of Arkansas
Opinion delivered June 9, 2005

*Cindy M. Baker,* for appellant.

*Mike Beebe,* Att'y Gen., by: *Clayton K. Hodges,* Ass't Att'y Gen.,
for appellee.

ANNABELLE CLINTON IMBER, Justice. ■ Appellant Adam Clark was convicted of disorderly conduct and terroristic threatening in the Eureka Springs District Court on March 10, 2004. On April 12, 2004, Clark filed a certified copy of the district court's docket sheet with the Carroll County Circuit Clerk to indicate he was appealing the district court conviction. The circuit court dismissed the appeal because the record did not include a charging document. In so doing, the circuit court concluded that the "defective record tendered . . . results in a lack of jurisdiction for the circuit court to proceed." From the order dismissing the appeal, Clark brought this appeal, contending that he had no duty under the inferior court rules to inspect the record. The State argues that we should dismiss the appeal for lack of jurisdiction because Clark failed to timely file a record in the circuit court. In any event, we are obliged to raise

jurisdictional issues even when the parties do not. *See 3-W Lumber Co. v. Housing Authority for the City of Batesville*, 287 Ark. 70, 696 S.W.2d 725 (1985).

Arkansas Inferior Court Rule 9[1] governs appeals from district court to circuit court. Under Rule 9, "An appeal from a district court to the circuit court shall be taken by filing a record of the proceedings had in the district court." Dist. Ct. R. 9(b) (2005). Moreover, "All appeals in civil cases from district courts to circuit courts must be filed in the office of the clerk of the particular circuit court having jurisdiction of the appeal within 30 days from the date of the entry of the judgment." Dist. Ct. R. 9(a) (2005). Even though Rule 9 expressly requires that civil cases be filed within thirty days from entry of the district court's judgment, we have held that this rule applies to criminal appeals as well. *See Allred v. State*, 310 Ark. 476, 837 S.W.2d 469 (1992). Thus, the thirty days begins to run from the date the judgment is entered in the district court docket. *Smith v. State*, 316 Ark. 32, 870 S.W.2d 716 (1994).

The district court judgment was entered on March 10, 2004. The thirtieth day expired on April 9, 2004. Clark did not file the certified copy of the district court's docket sheet until April 12, 2004.[2] Because Clark failed to timely file the district court record in the circuit court, the district court judgment became final and the circuit court never gained jurisdiction of the appeal. Accordingly, when the circuit court lacks jurisdiction, the appellate court also lacks jurisdiction. *See Priest v. Polk*, 322 Ark. 673, 912 S.W.2d 902 (1995).

Appeal dismissed.

---

[1] Inferior Court Rule 9 governed at the time the notice of appeal was filed. The Arkansas Inferior Court Rules were modified to the Arkansas District Court Rules, effective January 1, 2005, to comply with Amendment 80 of the Arkansas Constitution.

[2] As we dismiss the appeal based on a failure to timely file the record, we do not reach the issue of whether a certified copy of the docket sheet was sufficient to constitute a "record" under Dist. Ct. R. 9.