Warren CAMP *v.* STATE of Arkansas

CR 04-1368                                  221 S.W.3d 365

Supreme Court of Arkansas
Opinion delivered January 5, 2006

*Doug Norwood* and *Susan Lusby*, for appellant.

*Mike Beebe*, Att'y Gen., by: *David J. Davies*, Ass't Att'y Gen., for appellee.

JIM HANNAH, Chief Justice. Appellant Warren Scheley Camp, Jr., was convicted of driving while intoxicated, seventh offense, in the Benton County Circuit Court. On appeal, Camp challenges the validity of the circuit court's use of three prior convictions in Fayetteville District Court for driving while intoxicated to enhance his sentence. Specifically, he contends that the circuit court committed reversible error when it failed at sentencing to exclude the prior convictions because they were obtained in violation of the Sixth Amendment of the United States Constitution, article 2, § 10 of the Arkansas Constitution, and the Arkansas Rules of Criminal Procedure. We find no error and affirm.

On May 24, 2002, the State filed a felony information against Camp, charging him with one count of driving while intoxicated, fourth offense. Subsequently, the State amended the charge against Camp to one count of driving while intoxicated, seventh offense. Camp filed a motion to strike prior convictions, arguing that the prior convictions used to enhance his sentence from a DWI, fourth offense, to a DWI, seventh offense, were invalid. In a bench trial on April 12, 2004, Camp was found guilty of DWI, seventh offense, and the circuit court agreed to rule on Camp's motion to strike prior convictions when Camp appeared for sentencing.

The parties stipulated to the following facts related to Camp's prior DWI convictions:

> 1. Docket Sheet #98-14785 shows a conviction for DWI #2. The defendant was represented by defense attorney Tim Buckley. Among other things, the defendant served 7 days in jail. The disposition date was December 16, 1998.

2. Docket Sheet #98-428 shows a conviction for DWI #2. The defendant was pro se. Among other things, the defendant served 7 days in jail. The disposition date was December 21, 1998.

3. Docket Sheet #98-25120 shows a conviction for DWI #3. The defendant was represented by defense attorney Bob White. Among other things, the defendant served 120 days in jail. The disposition date was March 24, 1999.

4. In each of these cases, the defendant never personally appeared before the judge to conduct the plea hearing. In those cases where he was represented by counsel, the plea papers were submitted to the court clerk on or near the disposition dates. The defense attorney did not appear in open court or the judge's chambers to conduct the plea hearing.

5. In the case where the defendant was pro se, not only did the defendant never appear before the judge, he did not sign the waiver of counsel papers with the judge. All the paperwork, which would include any plea forms and waiver of counsel forms, was provided to the defendant by the prosecuting attorney's office or the court clerk.

6. After the entry of plea papers with the court clerk, a defendant normally would go to the Ozark Guidance Center to get the pre-sentencing report contemplated by Ark. Code Ann. § 5-65-109.

7. The defendant never completed the OGC requirements in any of the Fayetteville District Court cases. There were no pre-sentencing reports for any of the cases as is contemplated by Ark. Code Ann. § 5-65-109.

8. Any document that states that the defendant appeared before the judge on any of the three pleas in Fayetteville District Court is erroneous as the defendant never, at anytime, appeared before any judicial officer in relation to any of the pleas. This includes the Waiver of Attorney form signed by the defendant on December 21, 1998.

. . .

At sentencing on May 24, 2004, the circuit court denied Camp's motion and made the following findings:

It's not an easy issue because clearly the Fayetteville District Court was not following the Rules of Criminal Procedure, was not taking pleas or sentencing in accordance with the Rules of Criminal Procedure. And there is a lot of merit to the argument that it's something of a wrong without a remedy in that if the person — if the Court doesn't conduct itself appropriately, you have — you know, your only remedy is to appeal.

In this case — in this case, however, these were all sentencing pursuant to some sort of plea bargain, and it was certainly not to the advantage of the Defendant to appeal. So that — and now we're at the point some long time later and Defendant wishes to collaterally attack those convictions that were at the time improperly imposed. The other side of that coin is that it would be like getting your cake and eating it, too. You got the benefit of a plea bargain, but — I mean it — after it's eaten, you're not so happy with it.

What my ruling is that — is that Mr. Camp cannot collaterally attack those judgments, and that those judgments stand and can be counted for purposes of enhancement under the Driving While Intoxicated Law.

After concluding that the prior convictions were not subject to collateral attack, the circuit court sentenced Camp to three years in prison with an additional four years suspended, and it was recommended that his three-year sentence be transferred to the therapeutic community substance program of the Department of Community Correction.

We begin by noting that the State concedes that there were procedural errors that occurred in the three Fayetteville District Court cases involving violations of Arkansas Rules of Criminal Procedure 24.3, 24.4, 24.5, and 24.6. Further, aside from the district court's failure to comply with the rules of criminal procedure when accepting Camp's guilty pleas, it is clear that the district court failed to follow proper procedure during sentencing because in each of the prior cases at issue, the district court pronounced sentence prior to receiving a presentence report, in violation of Ark. Code Ann. § 5-65-109. The question before this court is not whether errors occurred during the prior cases at issue. Rather, we must determine whether, under the facts of this case, Camp may collaterally attack the validity of prior convictions at a sentencing hearing for his subsequent conviction.

We have stated that there must be finality to all litigation, criminal as well as civil. *King v. State*, 304 Ark. 592, 804 S.W.2d

360 (1991). The general rule is that a defendant who does not appeal a criminal conviction must be barred from collaterally attacking a judgment. *Id.* Here, Camp had the right to appeal each of his prior convictions to the circuit court, pursuant to Arkansas Inferior Court Rule 9.[1] Under Rule 9, all appeals from district courts to circuit courts must be filed in the office of the clerk of the particular circuit court having jurisdiction of the appeal within thirty days from the entry of the judgment. As previously stated, Camp did not appeal any of the prior convictions at issue. Camp claims that he is not barred from collaterally attacking his prior convictions because he was denied his constitutional rights as guaranteed by the Sixth Amendment.[2] In support of this argument, Camp cites *Custis v. United States,* 511 U.S. 485 (1994). In that case, the United States Supreme Court was presented with the question of whether a defendant in a federal sentencing proceeding may collaterally attack the validity of the previous state convictions that are used to enhance his sentence under the Armed Career Criminal Act of 1984. The Court held that with the sole exception of convictions obtained in violation of the right to counsel, a defendant has no such right to collaterally attack prior convictions. *Custis,* 511 U.S. at 487.[3]

The State points out that in Camp's case, he was either represented by counsel or made a knowing waiver of his right to counsel in each of the three Fayetteville District Court cases. Accordingly, the State contends that Camp's Sixth Amendment right to counsel is not implicated in this appeal, and Camp's reliance on *Custis* is misplaced. We agree. Here, Camp was represented by counsel in two of the prior DWI offenses at issue.

---

[1] Inferior Court Rule 9 governed at the time of the prior convictions at issue. The Arkansas Inferior Court Rules were revised and renamed the Arkansas District Court Rules, effective January 1, 2005, to comply with Amendment 80 of the Arkansas Constitution.

[2] Additionally, Camp argues that the procedural errors violate article 2, § 10 of the Arkansas Constitution; however, he offers no authority or argument as to why the errors constitute separate state constitutional violations. This court does not consider arguments that are unsupported by convincing argument or sufficient citation to legal authority. *Kelly v. State,* 350 Ark. 238, 85 S.W.3d 893 (2002).

[3] This court, too, has recognized that "[p]rior convictions may not be considered for the purposes of the sentencing enhancement portions of the act unless the record shows the accused had counsel in the trials leading to the prior convictions or that the right to counsel was waived." *Southern v. State,* 284 Ark. 572, 573, 683 S.W.2d 933, 934 (1985) (affirming trial court's suppression of prior DWI convictions to enhance a sentence).

As to the remaining offense, the record reveals that Camp signed a waiver-of-counsel form. Still, Camp maintains that the procedure used in the Fayetteville District Court cases "completely circumvented the judge," and that "such circumvention of an important judicial function is certainly no less a constitutional evil than that of denying the defendant an attorney."

The *Custis* Court's holding suggests otherwise. The Court opined that the "failure to appoint counsel for an indigent defendant was a unique constitutional defect." *Custis*, 511 U.S. at 496. Further, the Court declined to extend the right of collateral attack to include other violations such as the right to effective assistance of counsel, the right to make a knowing and intelligent guilty plea, and the right to be adequately advised of rights associated with a "stipulated facts trial." *Id.* at 496. In declining to extend the right of collateral attack to include the other violations, the Court noted that none of the alleged constitutional defects cited by the appellant "rises to the level of a jurisdictional defect resulting from the failure to appoint counsel at all." *Id.* The Court explained:

> Ease of administration also supports the distinction. As revealed in a number of the cases cited in this opinion, failure to appoint counsel at all will generally appear from the judgment roll itself, or from an accompanying minute order. But determination of claims of ineffective assistance of counsel, and failure to assure that a guilty plea was voluntary, would require sentencing courts to rummage through frequently nonexistent or difficult to obtain state-court transcripts or records that may date from another era, and may come from any of the 50 States.

> The interest in promoting the finality of judgments provides additional support for our constitutional conclusion. As we have explained, "[i]nroads on the concept of finality tend to undermine confidence in the integrity of our procedures" and inevitably delay and impair orderly administration of justice. *United States v. Addonizio*, 442 U.S. 178, 184, n. 11, 99 S.Ct. 2235, 2240, n. 11, 60 L.Ed.2d 805 (1979). We later noted in *Parke v. Raley*, 506 U.S. 20, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992), that principles of finality associated with habeas corpus actions apply with at least equal force when a defendant seeks to attack a previous conviction for sentencing. By challenging the previous conviction, the defendant is asking a district court to "deprive [the][state-court judgment] of [its] normal force and effect in a proceeding that ha[s] an independent purpose other than to overturn the prior judgmen[t]." *Id.* at 30, 113 S.Ct. at 523. These principles bear extra weight in cases in

which the prior convictions, such as one challenged by Custis, are based on guilty pleas, because when a guilty plea is at issue, "the concern with finality served by the limitation on collateral attack has special force." *United States v. Timmreck*, 441 U.S. 780, 784, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979) (footnote omitted).

*Id.* at 496-97.

■ Though it is evident that many procedural errors occurred in the district court cases, we do not believe that any of the errors rise to the level of a jurisdictional defect resulting from the failure to appoint counsel at all; therefore, the errors may not form the basis of a collateral attack of prior convictions used to enhance a sentence.[4] We hold that the circuit court did not err in denying Camp's motion to strike prior convictions.

Affirmed.

---

[4] We observe that a number of jurisdictions have concluded that *Custis* permits a defendant to collaterally attack the validity of prior convictions used to enhance a sentence only if the defendant was denied counsel; accordingly, those jurisdictions have declined to extend the right to collaterally attack convictions beyond what is mandated by the federal constitution or specifically provided for by statute. *See, e.g., State v. Veikoso*, 102 Haw. 219, 74 P.3d 575 (2003) (holding that a defendant may not collaterally attack prior counseled DUI convictions on the basis that they were obtained as the result of allegedly invalid guilty pleas); *State v. Weber*, 140 Idaho 89, 90 P.3d 314 (2004) (holding that violation of provision of criminal rules governing the practice of accepting guilty pleas did not provide independent basis to collaterally attack validity of prior convictions used to enhance subsequent sentences); *State v. Mund*, 593 N.W.2d 760 (N.D. 1999) (holding that when guilty pleas are offered for enhancement purposes in subsequent criminal proceedings, collateral attacks are limited to an inquiry of whether defendant was denied assistance of counsel); *State v. Janes*, 141 N.H. 364, 684 A.2d 499 (1996) (holding that defendant could not collaterally attack prior out-of-state conviction on the ground that he was never advised of his rights to remain silent and confront adverse witnesses); *Vester v. Commonwealth*, 42 Va. App. 592, 593 S.E.2d 551 (2004) (holding that defendant was not entitled to collaterally attack the validity of his prior misdemeanor DUI convictions on the ground that he was denied effective assistance of counsel); *State v. Hahn*, 238 Wis. 2d 889, 618 N.W.2d 528 (2000) (holding that defendant had no federal constitutional right to challenge in his third-strike proceeding as a repeater on the basis that his prior conviction was obtained from a guilty plea that was not knowing, intelligent, and voluntary). *But see People v. Soto*, 46 Cal. App. 4th 1596, 54 Cal. Rptr. 2d 593 (1996) (stating that *Custis* set forth a *federal* procedural rule and was not intended to prohibit constitutional attacks on prior convictions in state courts).