Lexie McNABB *v.* STATE of Arkansas

CR 05-1150                                                     238 S.W.3d 119

Supreme Court of Arkansas
Opinion delivered June 29, 2006

[Supplemental Concurring Opinion on Denial of Rehearing September 7, 2006.]

---

*John R. Irwin*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant Lexie McNabb appeals the remand order of the Faulkner County Circuit Court. On appeal, Appellant raises two arguments for reversal: the trial court erred when it found that (1) the certified copy of the Faulkner County District Court docket sheet was not a record of proceedings within the meaning of Rule 9(b) of the District Court Rules and that the filing of the docket sheet with the circuit court was untimely because it did not comply with Rule 9(b); and (2) it had no jurisdiction to hear Appellant's appeal from the district court and ordered the case remanded for sentencing or disposition. This case comes to us by certification from the court of appeals, pursuant to Ark. Sup. Ct. R. 1-2(b)(1), (4), and (5), as it involves an issue of first impression, an issue of substantial public interest, and a significant issue needing clarification or development of the law. We hold that the circuit court erred in remanding the case to the district court, based upon its conclusion that the certified docket sheet did not constitute a record of the proceedings, and reverse and remand.

On February 24, 2005, Appellant pled no contest to one count of second-degree terroristic threatening in the Faulkner County District Court. On March 18, 2005, after paying for the record of proceedings from district court, Appellant received a

certified copy of the docket sheet from the district court clerk. Appellant timely filed the certified docket sheet, as the record of proceedings, with the Faulkner County Circuit Court in order to pursue an appeal of her district-court conviction.

On June 15, 2005, the State filed a motion to remand, seeking to return the case to district court for disposition, based upon its argument that the certified docket sheet was not the record of the proceedings. Specifically, the State argued that there was no transcript before the circuit court because the following items should have been included: the two warrants for Appellant's arrest, the supporting affidavits, the "Condition of Pre-Trial No Contact Order," and the reports from the Faulkner County Sheriff's Department. On July 7, 2005, in a letter opinion, the circuit court held that (1) the certified docket sheet was not a record of proceedings or transcript, (2) there was not a timely filed record of proceedings or transcript, and (3) it did not have jurisdiction to hear the appeal. Thus, the circuit court granted the State's motion and filed the remand order on July 13, 2005. This appeal followed.

As stated above, Appellant raises two arguments for reversal. First, she maintains that the circuit court erred in finding that the certified copy of the district court docket sheet was not a record of proceedings within the meaning of Rule 9(b) and that the filing of the docket sheet was, therefore, untimely. Second, she argues that the circuit court erred in finding that it was without jurisdiction to hear the appeal and remanding the case to district court for sentencing or disposition. Upon review, these two arguments are so fundamentally intertwined that they can be addressed as one. However, prior to addressing Appellant's arguments, it should be noted that the State contends she has not preserved her arguments for review. We disagree. Appellant argued below that she was in compliance with Rule 9(b) because the certified docket sheet was a record of proceedings. That is precisely the argument made here. Thus, we can proceed in our review.

Arkansas District Court Rule 9 governs appeals from district courts to circuit court. In order for the circuit court to obtain jurisdiction, an appellant must comply with Rule 9. *See Velek v. State,* 364 Ark. 531, 222 S.W.3d 182 (2006); *J&M Mobile Homes, Inc. v. Hampton,* 347 Ark. 126, 60 S.W.3d 481 (2001). Rule 9 states, in pertinent part:

> (a) *Time for Taking Appeal.* All appeals in civil cases from district courts to circuit court must be filed in the office of the clerk of the

particular circuit court having jurisdiction of the appeal within 30 days from the date of the entry of judgment. . . .

(b) *How Taken.* An appeal from a district court to the circuit court shall be taken by filing a record of the proceedings had in the district court. Neither a notice of appeal nor an order granting an appeal shall be required. It shall be the duty of the clerk to prepare and certify such record when requested by the appellant and upon payment of any fees authorized by law therefor. The appellant shall have the responsibility of filing such record in the office of the circuit court.

Although Rule 9 specifically states its application to civil appeals, we have repeatedly held that it applies to criminal appeals as well.[1] *Velek,* 364 Ark. 531, 222 S.W.3d 182; *Clark v. State,* 362 Ark. 545, 210 S.W.3d 59 (2005); *Ottens v. State,* 316 Ark. 1, 871 S.W.2d 329 (1994). Moreover, district court rules, such as Rule 9, are mandatory and jurisdictional. *Velek,* 364 Ark. 531, 222 S.W.3d 182; *J&M Mobile Homes,* 347 Ark. 126, 60 S.W.3d 481. Failure to comply with Rule 9 mandates the circuit court's dismissal of the appeal. *Id.*

In the present case, it is undisputed that Appellant filed the certified district court docket sheet within thirty days of the date of the entry of judgment. Thus, the issue is whether a certified district court docket sheet is a "record of proceedings" from which an appeal may be taken under Rule 9. We construe court rules using the same means and canons of construction used to interpret statutes. *Velek,* 364 Ark. 531, 222 S.W.3d 182; *Henyan v. Peek,* 359 Ark. 486, 199 S.W.3d 51 (2004). The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* When the language is plain and unambigu-

---

[1] In *Velek,* 364 Ark. at 534 n.1, 222 S.W.3d at 184 n.1, we noted: "Although criminal appeals from district court are presently governed by Rule 9, the Supreme Court Committee on Criminal Practice has proposed the adoption of a new rule to address criminal appeals from district court to circuit court. *See In Re: Rules of Criminal Procedure,* 362 Ark. Appx. 663 (2005). The committee recommends proposed Rule 36 to serve as a comprehensive procedure governing appeals from limited-jurisdiction courts to circuit courts." We adopted Rule 36 on May 11, 2006, and it is effective as of June 1, 2006. *See In re: Adoption of Rule 36 of the Arkansas Rules of Criminal Procedure,* 366 Ark. Appx. 619 (2006). Rule 36(c) is virtually identical to Rule 9(b) in that it incorporates the entire text of Rule 9(b), as well as adds the requirement that "[t]he record shall include any supersedeas bond or appeal bond filed by the defendant."

ous, there is no need to resort to rules of statutory construction, and the analysis need go no further. *Id.* However, when a statute is ambiguous, we must interpret it according to the legislative intent, and our review becomes an examination of the whole act. *State of Ark. Office of Child Support Enforcement v. Morgan*, 364 Ark. 358, 219 S.W.3d 175 (2005). We reconcile provisions to make them consistent, harmonious, and sensible in an effort to give effect to every part. *Id.* We review issues of statutory construction *de novo*, as it is for this court to determine what a statute or rule means. *Id.* In this respect, we are not bound by the circuit court's decision; however, in the absence of a showing that the circuit court erred in its interpretation of the law, that interpretation will be accepted as correct on appeal. *Henyan*, 359 Ark. 486, 199 S.W.3d 51.

■ Rule 9 clearly requires that an appeal from district to circuit court shall be taken by filing a record of the proceedings; however, Rule 9 does not enumerate what constitutes a record of proceedings. Furthermore, this court has never expressly defined what constitutes a record of proceedings, but it has referenced what is sufficient to satisfy this requirement.[2] In *J&M Mobile Homes*, 347 Ark. at 130-31, 60 S.W.3d at 484, we held that Rule 9 "requires the filing of a certified copy of the transcript of the lower court proceedings within thirty days in order for the circuit court to acquire jurisdiction over the appeal." Additionally, in both *Frana v. State*, 323 Ark. 1, 912 S.W.2d 930 (1996), and *King v. State*, 304 Ark. 592, 804 S.W.2d 360 (1991), we noted, in dicta, that the record for municipal courts can be the docket sheet. In yet another case, *Smith v. State*, 316 Ark. 32, 34, 870 S.W.2d 716, 717 (1994), we stated that, although filing was untimely, "[i]n this case, the necessary record would have included the information, the motion, and the judgment of the municipal court." Lastly, the court of appeals, in *Baldwin v. State*, 74 Ark. App. 69, 45 S.W.3d 412 (2001), held that the filing of a notice of appeal and an appeal bond signed by the municipal judge could not serve as a replacement of the record. Consequently, based upon our review of prior case law and Rule 9 itself, we hold that to satisfy the Rule 9 "record of proceedings" requirement, the record of proceedings must, at a

---

[2] In *Clark*, 362 Ark. 545, 210 S.W.3d 59, we were faced with the identical issue of whether a certified copy of the district court's docket sheet was a record of the proceedings. However, the court did not reach this issue as we dismissed the appeal based on the appellant's failure to timely file the record.

minimum, be (1) certified by the clerk of the particular district court in which the case originated, and (2) reflect all the proceedings, including all filed documents and motions, before the district court.[3]

Here, the circuit court found that Appellant did not comply with Rule 9 because the certified district court docket sheet was not a record of proceedings. In determining that the certified docket sheet was not a record of proceedings, the circuit court, relying on *Baldwin*, referred to the use of the word "transcript" as a sufficient document to satisfy the record of proceedings. The circuit court found that Appellant's receipt for the purchase of a transcript did not convert the certified docket sheet into a record of proceedings or transcript. Upon review, the circuit court erred in reaching this conclusion, as it was based upon a misinterpretation of *Baldwin* and our case law.

In *Baldwin*, the appellant filed a notice of appeal and an appeal bond signed by the municipal judge. There, the court of appeals rejected the appellant's argument that because the appeal bond contained the same information as the transcript, it was sufficient to satisfy the record of proceedings. The present case is distinguishable from *Baldwin* in two parts. First, under Rule 9(b), it is the duty of the clerk to prepare and certify the record when requested by the appellant, and it is the appellant's duty to file the record. Here, Appellant paid for the record of proceedings from district court, received a certified copy of the docket sheet from the clerk, and timely filed it with the circuit court. On the other hand, in *Baldwin*, there was no evidence that the appellant requested and paid for a record from the clerk but rather the appellant simply filed an appeal bond. Thus, it was clear that the appellant in *Baldwin* did not satisfy the requirements of Rule 9(b)

---

[3] This holding is in line with the ordinary definition of both "record" and "proceeding." "Record" is defined as "[t]he official report of the proceedings in a case, including the filed papers, a verbatim transcript of the trial or hearing (if any), and tangible exhibits." *Black's Law Dictionary* 1301 (8th ed. 2004). "Proceeding" is "[t]he regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment." *Id.* at 1241. Moreover, this holding is also in line with Rule 9, Reporter's Note 2, which explains that record of proceedings "should reflect the claim form, the written answer or response, if any, the judgment of the court and any other writings or documents filed in the inferior court or offered in evidence."

whereas, here, Appellant took the proper steps in obtaining a record of proceeding and filing her appeal.

■ Second, in *Baldwin*, the court of appeals held that, even if the appeal bond contained the same information as the transcript, it cannot serve as a replacement of the record. Here, Appellant filed a certified copy of the docket sheet that she obtained from the clerk in order to take an appeal from district court to circuit court. The certified docket sheet contained all of the information relating to the district-court proceedings. As such, the present case is clearly distinguishable from *Baldwin* and the circuit court erred in finding that the certified docket sheet was not a record of proceedings.

■ Lastly, we have recognized that for inferior courts, such as district courts, the usual record is the docket sheet. *See Frana*, 323 Ark. 1, 912 S.W.2d 930; *King*, 304 Ark. 592, 804 S.W.2d 360. But, as stated above, the record of proceedings must reflect all the proceedings, including all filed documents and motions, before the district court. Thus, a charging instrument, if filed with the district court, should be part of the record of proceedings.[4]

■ In this case, it is not clear whether a "charging instrument" was filed with the district court or whether the affidavit was just sworn before the district court judge in order to obtain the warrant. Specifically, none of these documents are marked as ever being filed with the court. Due to the absence of file marks, we hold the certified district court docket sheet, in this case, is sufficient to satisfy a "record of proceedings" under Rule 9(b). The certified district court docket sheet, which included the violation Appellant was charged with, the dates of the violation and arrest, Appellant's plea, and the disposition of the case, obtained in compliance with, and pursuant to Rule 9(b), should be considered a record of proceedings sufficient to maintain an appeal from district court to circuit court. Thus, the circuit court erred in

---

[4] We have said that a city attorney can file charging instruments in a misdemeanor case, but that it is not necessary to do so. *See Hagen v. State*, 315 Ark. 20, 24, 864 S.W.2d 856, 858 (1998) (holding that an information or indictment is not necessary for a misdemeanor charge and that "[t]he Rules of Criminal Procedure provide for the issuance of a warrant, citation, or summons to command an accused to court on a misdemeanor charge").

---

its interpretation of Rule 9(b), specifically its finding as to what constitutes a record of proceedings.

Because it was undisputed that Appellant timely filed the certified docket sheet within thirty days of the date of judgment, and we hold that document was a record of the proceedings, the circuit court erred in finding that it was without jurisdiction due to the untimeliness of the appeal. Since we hold that the circuit court erred in finding it was without jurisdiction, it also erred in remanding the case for lack of jurisdiction. Nevertheless, we direct the circuit court to remand to the district court to settle the record with respect to all other documents and motions filed in the district court, if any, for purpose of its *de novo* review. Furthermore, in light of this opinion, we request our Civil Practice Committee to review Rule 9 and our Criminal Practice Committee to review Rule 36.

Reversed and remanded.

## SUPPLEMENTAL CONCURRING OPINION ON DENIAL OF REHEARING SEPTEMBER 7, 2006

JIM GUNTER, Justice, concurring. I concur in the court's decision denying the petition for rehearing, but write separately to express my concern with the current method for perfecting an appeal from district court to circuit court. In my opinion, an appeal from district court to circuit court should be taken by filing a copy of the district court docket sheet in the circuit court. The district court is not a court of record. The only real purpose of the district court record on appeal is to give jurisdiction to the circuit court.

The circuit court reviews appeals from district court *de novo*. Ark. Code Ann. § 16-17-703 (2006) provides:

> There shall be no jury trials in district court. In order that the right of trial by jury remains inviolate, all appeals from judgment in district court shall be de novo to circuit court.

The purpose of a *de novo* appeal from the district court is to provide a trial, not a review of any record. Therefore, requiring the appealing party to file a "record of proceedings," which includes more than the

docket sheet, is superfluous. To require more, making the district court a court of record, will increase the expense, which the vast majority of litigants in district court can ill afford.

In this case, our decision should simply remand for *de novo* trial and let the parties develop the record.