Gerard BLANCHETT *v.* STATE of Arkansas

CR 06-879                                    247 S.W.3d 477

Supreme Court of Arkansas
Opinion delivered January 18, 2007

*Jeff Rosenzweig*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant Gerard Blanchett appeals the Faulkner County Circuit Court's judgment and commitment order convicting him of possession of a controlled substance with intent to deliver.[1] Appellant filed a conditional plea of guilty, pursuant to Ark. R. Crim. P. 24.3(b), whereby he reserved his right to appeal from the trial court's denial of his motion to suppress evidence seized pursuant to a search conducted when he was arrested on a bench warrant. On appeal, Appellant argues that the trial court erred in denying his motion to suppress because the arrest warrant was issued without any affidavit or contemporaneous recording of the basis for the finding of probable cause in violation of (1) the Fourth Amendment to the United States Constitution, (2) article 2, section 15 of the Arkansas Constitution, and (3) Arkansas Rule of Criminal Procedure 7.1(b). Appellant also argues that the good-faith exception, *see United States v. Leon*, 468 U.S. 897 (1984), should not apply in this situation. As this case involves an issue of constitutional interpretation and the construction of a rule, jurisdiction is proper pursuant to Ark. Sup. Ct. R. 1-2(a)(1) and (b)(6). We find no error and affirm.

---

[1] Appellant also was convicted of possession of drug paraphernalia, but that conviction is not a subject of this appeal.

On March 16, 2005, Appellant was stopped for a traffic violation by Officer Clay Smith of the Conway Police Department. When Officer Smith asked Appellant to step out of the vehicle, he saw that Appellant had a small knife on him. Officer Smith performed a pat-down search during which he felt a bulge around Appellant's buttocks area. At that time, Appellant grabbed the officer's wrist, tried to spin away from him, and took off running. When Appellant was caught and taken into custody, about an ounce of crack cocaine was found in his underwear.

Felony charges were filed against Appellant on April 1, 2005, when the State filed a felony information, CR 2005-404, charging Appellant with possession of cocaine with intent to deliver and possession of drug paraphernalia. This felony information also contained the signature of Circuit Judge David Reynolds and the following statement:

> Based upon the sworn testimony of Inv. William Tapley and other materials presented therewith, I am satisfied that there is probable cause to believe that the offense alleged in the above Felony Information was committed by the person above described and that there exist probable cause for the issuance of a Warrant for Arrest.[2]

An arrest warrant for Appellant was issued that same day.

On April 4, 2005, Officer Smith took Appellant into custody based upon the April 1 warrant. During the execution of the arrest warrant, Officer Smith again found Appellant to be in possession of crack cocaine and drug paraphernalia. This led to the April 6, 2005, filing of another felony information, CR 2005-411, charging Appellant with possession of cocaine with intent to deliver and possession of drug paraphernalia.

On November 30, 2005, in CR 2005-411, Appellant filed a motion to suppress evidence seized during the search pursuant to his arrest on the CR 2005-404 bench warrant. The trial court held a suppression hearing on January 10, 2006. After the hearing, on January 19, 2006, the trial court issued a letter opinion denying the motion to suppress. On February 21, 2006, the trial court entered

---

[2] Investigator Tapley is an officer with the Conway Police Department and is assigned to the Conway Regional Drug Task Force. He was the lead investigator in CR 2005-404 and was responsible for seeking the arrest warrant for Appellant after the March 16 incident between Officer Smith and Appellant.

an order denying Appellant's motion to suppress. That same day Appellant entered a guilty plea reserving his right to appeal pursuant to Rule 24.3 and the trial court issued its judgment and commitment order. This appeal followed.

Appellant's sole argument for reversal is that the trial court erred when it denied his motion to suppress evidence seized during his April 4 arrest. In reviewing the denial of a motion to suppress, we conduct a *de novo* review based on the totality of the circumstances, giving respectful consideration to the findings of the trial judge. *Davis v. State*, 351 Ark. 406, 94 S.W.3d 892 (2003). Similarly, we review issues of statutory construction *de novo*, as it is for this court to determine what a statute or rule means. *McNabb v. State*, 367 Ark. 93, 238 S.W.3d 119 (2006). In this respect, we are not bound by the trial court's decision; however, in the absence of a showing that the trial court erred in its interpretation of the law, that interpretation will be accepted as correct on appeal. *Id.*

In the present case, Appellant raises both federal and state constitutional violations, as well as an Arkansas criminal procedure rule violation. Initially, Appellant argues that the Fourth Amendment and article 2, section 15 require that no warrants shall issue but upon probable cause supported by oath or affirmation. Based upon these constitutional requirements, Appellant contends that it is not possible for an arrest warrant to be issued without there being a contemporaneous recording of any oral testimony presented for issuance of an arrest warrant. This argument is contrary to the state of the law and is without merit.

Under the Fourth Amendment, an arrest warrant must be supported by probable cause. *Giordenello v. United States*, 357 U.S. 480 (1958). The Fourth Amendment does not contain any prescription as to the form or manner in which probable cause must be shown; it merely provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation[.]" U.S. Const. amend. 4. *See also Sherrick v. Eyman*, 389 F.2d 648 (9th Cir. 1968); *Gillespie v. United States*, 368 F.2d 1 (8th Cir. 1966). Similarly, article 2, section 15 does not contain any instructions as to the manner in which probable cause must be shown in issuing a warrant but merely states verbatim the language contained in the Fourth Amendment. As such, Appellant's argument must fail as it relates to his constitutional claims.

Although the constitutional provisions do not provide explicit directions as to the manner of issuing a warrant beyond that

of probable cause supported by oath or affirmation, Rule 7.1 contains requirements set forth by this state for issuing an arrest warrant. Rule 7.1(b) states:

> In addition, a judicial officer may issue a warrant for the arrest of a person if, from affidavit, recorded testimony, or other information, it appears there is reasonable cause to believe an offense has been committed and the person committed it.

In the present case, the arrest warrant was not issued based upon an affidavit or recorded testimony, but rather upon the sworn testimony of Investigator Tapley and other materials presented. Thus, the issue becomes whether this falls within the term "other information."[3] We agree with the trial court and conclude that it does.

Although we have never been faced with the task of determining what "other information" means, we have upheld the validity of an arrest warrant in situations where the information was presented to the judicial officer who issued an arrest warrant and where a sheriff applied for an arrest warrant under oath. *See Newman v. State*, 327 Ark. 339, 939 S.W.2d 811 (1997); *Reed v. State*, 280 Ark. 316, 657 S.W.2d 557 (1983). In *Reed*, the court explained that Rule 7.1(b) authorizes a judicial officer to issue an arrest warrant if, from the information presented, it appears there is reasonable cause to believe an offense has been committed and the person to be arrested committed it. There, the information regarding the offense was merely presented to the judicial officer as a basis for the arrest warrant. This court found that the information was sufficient to satisfy Rule 7.1(b) and provided probable cause to support the issuance of an arrest warrant. *Id.* Similarly, in *Newman*, 327 Ark. 339, 939 S.W.2d 811, the sheriff applied for an arrest warrant and provided testimony under oath. This court found that the arrest warrant was valid and that the trial court did not err in denying the appellant's motion to suppress. *Id.*

In the present case, we are faced with a similar circumstance: after the filing of a felony information, the arrest warrant was issued based upon both the sworn testimony of Investigator Tapley

---

[3] In response to Appellant's argument, the State concedes that Rule 7.1(b) was violated because the arrest warrant was issued solely on the basis of unrecorded testimony. The State further argues, however, that Appellant's claim must fail since any violation of Rule 7.1(b) was not a fatal defect as the arrest itself was supported by probable cause. Despite the State's attempted concession, we review Rule 7.1(b) as it is for this court to determine what a rule means. *See McNabb*, 367 Ark. 93, 238 S.W.3d 119.

and other materials presented, and the judge's finding that this information established probable cause to issue the arrest warrant. In denying Appellant's motion to suppress, the trial court found that, under Rule 7.1(b), "other information" means just that and that probable cause existed to issue the bench warrant after the magistrate listened to sworn testimony.

■ Upon review, the trial court did not err in reaching this conclusion. Although Rule 7.1(b) allows for the issuance of an arrest warrant based upon recorded testimony, it also allows for a warrant to be issued based upon other information. Here, the other information is the sworn testimony of Investigator Tapley. Based upon the plain reading of Rule 7.1(b), this sworn testimony satisfies the "other information" requirement. Furthermore, the fact that this testimony was sworn to satisfies the requirement of both the Fourth Amendment and article 2, section 15 that a warrant can only issue upon oath or affirmation. Consequently, the trial court did not err in denying Appellant's motion to suppress.

Appellant does not challenge that probable cause existed for the issuance of the warrant; therefore, it is unnecessary to address whether the arrest was supported by probable cause. Furthermore, because Rule 7.1(b) was not violated, it is unnecessary to address Appellant's argument that the good-faith exception in *Leon*, 468 U.S. 897, is not applicable.

Affirmed.

IMBER, J., not participating.