2010 Ark. App. 756

**Delmar Glenn PACK and Jimmie L. Pack, Appellants**

v.

**Bob E. CLARK and Buneva C. Clark, Husband and Wife, and N.A. Caughron, Appellees.**

**No. CA 10–231.**

Court of Appeals of Arkansas.

Nov. 10, 2010.

benefits for those injuries is supported by substantial evidence.

Kent Tester, Kent Tester P.A., Clinton, for appellants.

Melvin E. Morgan, Morgan Law Firm, P.A., Clinton, and Jerry Dean Patterson, Patterson Law Firm, P.A., Marshall, for appellees.

M. MICHAEL KINARD, Judge.

Delmar and Jimmie Pack appeal from the circuit court's dismissal of their property-dispute case based on their failure to comply with Rule 9 of the Arkansas District Court Rules. We reverse the dismissal and remand to the circuit court for a determination on the merits.

On July 24, 2007, appellees Bob and Buneva Clark filed a complaint in the county court of Van Buren County, claiming that their property was landlocked and requesting an easement over a portion of the Packs' property for ingress and egress. In the alternative, the Clarks also alleged that a roadway over property owned by N.A. Caughron may provide adequate access to the Clarks' land. In an order entered December 17, 2008, the county court ordered the placement of a roadway over the Packs' property and ordered the Clarks to pay $1350 to the Packs. On January 6, 2009, the Packs appealed to the circuit court by filing a "Complaint Appealing the Order of Van Buren County Court and Complaint for Trespass and Declaratory Judgment" in the circuit court. The filed document stated that the Packs were "appeal[ing] the Van Buren County

Court's order filed on December 17, 2008," and that they were also seeking damages for trespass and a declaratory judgment regarding easement by necessity. The Packs attached a certified copy of the entire county court case file, which included a copy of the county court's final order, as an exhibit.[1]

On January 20, 2009, the Clarks moved to dismiss the case based on the Packs' failure to follow the appeal procedure outlined in Arkansas District Court Rule 9. The circuit court judge ruled on the motion in a letter dated July 31, 2009, finding that Rule 9 was amended as of January 1, 2009, and that the Packs failed to follow the requirements outlined in the amended rule when they filed their appeal on January 6, 2009. The circuit court did not specify in what way the Packs failed to comply with Rule 9. The circuit court entered an order dismissing the case on October 13, 2009, and the Packs filed a timely notice of appeal to this court.

For their appeal, the Packs argue that, although they followed the procedures of the older version of District Court Rule 9 when they appealed to circuit court, they "over-complied" with the amended version of Rule 9 by filing a certified copy of the entire county court file when they appealed to the circuit court. Specifically, the Packs argue that this over-compliance met the requirements of the amended Rule 9(e).

We construe court rules in the same manner used to interpret statutes, and the first rule for determining what a court rule or statute means is to construe it just as it reads, giving the words their usually accepted meaning in common language. *McNabb v. State*, 367 Ark. 93, 97,

---

1. The county court case file did not contain a document entitled "docket sheet" or any document resembling a docket sheet. Because neither party has alleged that the case file was incomplete, we can only presume that a county court docket sheet did not exist for this case.

238 S.W.3d 119, 122 (2006). We review issues of statutory construction de novo. *Id.* at 98, 238 S.W.3d at 123.

Rule 9(b) of the Arkansas District Court Rules states as follows:

> A party may take an appeal from the district court by filing *a certified copy of the district court's docket sheet,* which shows the awarding of judgment and all prior entries, with the clerk of the circuit court having jurisdiction over the matter. Neither a notice of appeal nor an order granting leave to appeal shall be required. The appealing party shall serve a copy of the certified docket sheet upon counsel for all other parties, and any party proceeding pro se, by any form of mail that requires a signed receipt.

(Emphasis added.) This rule was amended in 2008, effective January 1, 2009. Prior to that amendment, Rule 9(b) required a party to file "a certified record of the proceedings had in the district court" in order to perfect an appeal. Ark. Dist. Ct. R. 9(b) (2008). The previous version of Rule 9 was silent as to appeals from county courts.

The 2008 amendment also added subdivision 9(e), which makes the procedures for appealing from district courts applicable to appeals from county courts, as well. That subdivision states as follows:

> Unless otherwise provided in this subdivision, the requirements of subdivisions (a), (b), (c), and (d) govern appeals from county court to circuit court. A party may take an appeal from the final judgment of a county court by filing a notice of appeal with the clerk of the circuit court having jurisdiction over the matter within thirty (30) days from the date that the county court filed its order with the county clerk. *A certified copy of the county court's final judgment must be attached to the notice of appeal.* In the circuit-court proceeding, the party who was the petitioner or plaintiff in county court shall have all the obligations of the plaintiff in a case that has been appealed from district court to circuit court. If there were no defendants in the county-court proceeding, then the petitioner/plaintiff shall name all necessary, adverse parties as defendants in its complaint filed in circuit court.

Ark. Dist. Ct. R. 9(e) (2010) (emphasis added).

Compliance with Rule 9 must be strict; substantial compliance will not suffice. *Johnson v. Dawson,* 2010 Ark. 308, at 8, 365 S.W.3d 913; *see also McNabb v. State, supra; Ingram v. City of Pine Bluff,* 355 Ark. 129, 135, 133 S.W.3d 382, 385 (2003).

In this case, the circuit court was correct in ruling that the amended version of Rule 9 controlled the appeals process. However, it erred in finding that the Packs failed to comply with Rule 9 as amended. Subdivision 9(e) makes it clear that an appeal from county court to circuit court may be perfected by filing a *notice of appeal and a certified copy of the county court's final judgment.* This provision applies in situations, such as this one, where the county court does not maintain a docket sheet.[2]

By filing their "Complaint Appealing the Order of Van Buren County Court and Complaint for Trespass and Declaratory Judgment" and attaching to it a certified copy of the county court's final order, the Packs complied with Rule 9(e). A "notice of appeal" is "a document filed with a

---

2. The Reporter's Notes for the 2008 amendment recognize the differences in procedures between district courts and county courts—particularly that many county courts do not maintain a docket sheet—and indicate that the addition of subdivision 9(e) was necessary in order to fit appeals from county courts.

court and served on the other parties, stating an intention to appeal a trial court's judgment or order." *Black's Law Dictionary* 1092 (8th ed.2004). The Arkansas Rules of Appellate Procedure— Civil, although not applicable to this type of appeal, also provide guidance as to what makes up a "notice of appeal." Rule 3(e) states that a notice of appeal shall (i) specify the party or parties taking appeal, (ii) designate the judgment, decree, order, or part thereof appealed from, (iii) designate the contents of the record on appeal, (iv) state that the appellant has ordered the relevant transcript of the proceedings below, (v) state the court to which the appellant is appealing, and (vi) state that the appellant abandons any pending but unresolved claim. Ark. R.App. P.-Civ. 3(e) (2010).

The Packs' filing was consistent with the *Black's Law Dictionary's* definition of a "notice of appeal" and contained all the required elements specified in the Rules of Appellate Procedure—Civil; the filing (i) named all of the parties to the appeal, (ii) designated the Van Buren County Court's December 17, 2008 order as the order appealed from, (iii) designated the entire county court case file as the record for the appeal, (iv) attached the entire record (which eliminated the need to state that a transcript had been ordered), and (v) named the Van Buren County Circuit Court as the court to which the Packs appealed.[3] That the filing was entitled "Complaint Appealing the Order of Van Buren County Court" and also made additional claims does not take away from the fact that it alerted the court and the other parties to the Packs' intention to appeal the county court's final order. Furthermore, by attaching a certified copy of the entire county court case file, the Packs

met the requirement of Rule 9(e) that the appealing party attach a certified copy of the county court's final judgment; the fact that other certified documents were also attached is of no consequence.

Arkansas appellate courts favor the concept of "substance over form" when construing court documents and tend to put more weight into what the document actually says than how it is titled. Rule 8(f) of the Arkansas Rules of Civil Procedure states, "All pleadings shall be liberally construed so as to do substantial justice." Our supreme court has applied this rule to cases where a party submitted a document that was misnamed, so as to give effect to what the document actually requested. For example, in *Dodge v. Lee*, 352 Ark. 235, 100 S.W.3d 707 (2003), the supreme court held that the circuit court erred when it struck pleadings titled "cross-complaints"—when they were actually "counterclaims"—merely because the pleadings were misnamed. The *Dodge* court noted as follows:

> Courts should not be guided blindly by titles but should look to the substance of motions to ascertain what they seek. It would not be in the interest of justice and fair play to be blindly guided by the title of a motion or pleading. We continue to abide by the well-established rule that a pleading will not be judged entirely by what it is labeled but also by what it contains.

*Id.* at 239, 100 S.W.3d at 710 (quoting *Cornett v. Prather*, 293 Ark. 108, 111, 737 S.W.2d 159, 160–61 (1987)). Also, in *Wright v. City of Little Rock*, 366 Ark. 96, 233 S.W.3d 644 (2006), the supreme court held that the Wrights had properly perfected an administrative appeal to the circuit court even though they had done so by

---

**3.** There were no pending but unresolved claims following the county court's final order; thus, the sixth element under the Rules

of Appellate Procedure—Civil would not apply.

filing a document entitled "complaint for declaratory judgment," because the body of the "complaint for declaratory judgment" clearly stated that the Wrights sought to appeal the decision of the administrative board. The use of the words "complaint" and "declaratory judgment" in the title of the pleading did not control how the document was to be construed. *Id.* at 100, 233 S.W.3d at 647. Our holding that the Packs' filing complied with Arkansas District Court Rule 9(b) is in line with these cases.

After filing their brief with this court, the Clarks cited *Johnson v. Dawson,* 2010 Ark. 308, 365 S.W.3d 913, in a motion to take judicial notice, noting that the opinion in *Johnson* was issued on the same day that the Clarks filed their brief.[4] In their motion, the Clarks argued that the holding of *Johnson* eliminates the Packs' argument that they complied with Rule 9 because it distinguishes *McNabb v. State, supra,* on which the Packs relied in their brief. The Clarks' argument is misplaced because *Johnson* is distinguishable from this case. *Johnson* dealt with an appeal from district court to circuit court in which Johnson failed to file a certified copy of the district court's docket sheet, as required by Rule 9(b). *Johnson,* 2010 Ark. 308, at 2, 365 S.W.3d 913. Our supreme court held that Rule 9 required strict compliance and that the failure to file a certified copy of the district court docket sheet—even when a substantial equivalent is filed instead—is a failure to perfect an appeal from district court to circuit court. *Johnson v. Dawson,* 2010 Ark. 308, at 9, 365 S.W.3d 913. Here, the Packs appealed from county court, not district court, and subdivision 9(b) does not apply to the Packs' appeal because subdivision 9(e) controls. By adopting subdivision 9(e), the supreme court provided for situations, such as this, where no "docket

sheet" was kept by the county court. Appellants complied with subdivision 9(e). Therefore, *Johnson* is not dispositive of any issue in this case.

For these reasons, we hold that the Packs complied with Rule 9(e) and properly perfected their appeal from the county court to the circuit court. Therefore, the circuit court's order dismissing the appeal is reversed, and the case is remanded to the circuit court for a determination on the merits.

Reversed and remanded.

PITTMAN and GLADWIN, JJ., agree.