2010 Ark. 308

**Lorie A. JOHNSON, Appellant,**

v.

**Tomas DAWSON, Appellee.**

**No. 09–1367.**

Supreme Court of Arkansas.

June 24, 2010.

Iris L. Muke, Clarksville, for appellant.

Sanford Law Firm, PLLC, by: Vanessa Kinney and Josh Sanford, Clarksville, for appellee.

ELANA CUNNINGHAM WILLS, Justice.

Appellant Lorie Johnson appeals from the Johnson County Circuit Court's order granting appellee Tomas Dawson's motion for summary judgment, vacating the judgment of the district court, and dismissing Johnson's case against Dawson with prejudice. This appeal requires the interpretation of the amendments to Arkansas District Court Rule 9 that became effective on January 1, 2009. Our jurisdiction is therefore proper pursuant to Ark. Sup.Ct. R. 1–2(b)(6).

Johnson filed two complaints against Dawson in Johnson County Small Claims Court on February 5, 2009. Dawson never filed an answer to either complaint, and the Small Claims Court entered default judgments against him in both cases on March 20, 2009, awarding Johnson $5000.00 in each case.

On April 17, 2009, Dawson filed an "appeal transcript" in both cases purporting to appeal the small claims court default judgments to circuit court. The circuit court set the cases for a bench trial on August 27, 2009. On July 6, 2009, Dawson filed a motion for summary judgment in which he asserted that Johnson had failed to reassert her claims in circuit court within thirty days, as required by Arkansas District Court Rule 9(c). Johnson filed a motion to dismiss Dawson's appeal and response to his motion for summary judgment on July 14, 2009. In her motion, Johnson alleged that Dawson had failed to comply with District Court Rule 9(b), which requires a party taking an appeal from a district court to file a certified copy of the district court's docket sheet. Instead of filing the docket sheet, Johnson argued, Dawson had filed an appeal transcript. Thus, she urged that Dawson had failed to comply with the mandatory requirements of Rule 9, and the circuit court lacked jurisdiction to hear his appeal.

In response to Johnson's motion to dismiss the appeal, Dawson argued that his failure to file a certified docket sheet was not fatal. He noted that he contacted the Johnson County District Court Clerk, who averred in an affidavit attached to Dawson's response that she was unaware that the court maintained any document called

a "docket sheet" in its offices.[1] Upon request, however, the clerk searched for and discovered a docket sheet that was kept by that office. Further, Dawson argued that the appeal transcript he filed with the circuit court contained all of the documents that had been filed in the district court, and there was nothing on the "docket sheet" that was not included in those documents.

The circuit court held a hearing on Dawson's motion for summary judgment and Johnson's motion to dismiss on August 27, 2009. The court first pointed out that, under Rule 9, Johnson was required to re-plead her case once an appeal was taken to circuit court. The court noted Johnson's argument that, because Dawson had filed the transcript of the small claims court proceedings, the case had, in essence, been re-pled, but concluded that the copy of the complaint included in the transcript did not include the attachments that had been filed in the district court. Therefore, the court found that she had not complied with Rule 9(c). The court further rejected Johnson's argument that Dawson's failure to file the docket sheet deprived the court of jurisdiction, finding that the "appeal transcript that he filed with his notice of appeal is equivalent to the docket sheet." Relying on the clerk's affidavit, the court thus found that Dawson had "substantially complied" with Rule 9 and properly perfected his appeal, and Johnson failed to re-plead her case in circuit court; accordingly, the court dismissed Johnson's complaint.

At the conclusion of the hearing, Dawson pointed out to the court that he had been sued for breach of contract and asked for attorney's fees, but the court denied the request. The court then asked Dawson to prepare an order for the court's signature. That order was entered on September 4, 2009, granting Dawson's motion for summary judgment, vacating the judgment of the district court, and dismissing Johnson's case against Dawson with prejudice.

Johnson filed a motion for reconsideration on September 17, 2009, urging that the court had erred in not requiring strict compliance with Rule 9. The court denied her motion in an order entered on October 1, 2009, and Johnson filed a timely notice of appeal on October 2, 2009. Dawson filed a notice of cross-appeal on October 13, 2009. On appeal, Johnson continues her argument that Dawson never properly perfected his appeal from district court to circuit court; Dawson argues on cross-appeal that the circuit court erred in denying his motion for attorney's fees.

At issue in this case is the construction of the recently amended District Court Rule 9. We construe court rules using the same means and canons of construction used to interpret statutes. *McNabb v. State*, 367 Ark. 93, 97, 238 S.W.3d 119, 122 (2006); *Velek v. State*, 364 Ark. 531, 222 S.W.3d 182 (2006). The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common lan-

---

1. In her affidavit, District Court Clerk Marta Chavez stated that the complaint, the certificate of service, the order granting default judgment, and the appeal transcript were the only documents in the file maintained by her office. She also stated that "[s]eparate from this file we keep in a book a document that we have recently learned is called a 'docket sheet,' but we did not know that the docu-ment was supposed to be called that, and we did not know that the docket sheet was supposed to be included in the appeal transcript that went to the Circuit Court." Chavez also said that, as of April 17, 2009, the date on which the appeal was taken, "no one in this office was aware that the page called the docket sheet should have been included in the appeal."

guage. *McNabb, supra.* When the language is plain and unambiguous, there is no need to resort to rules of statutory construction, and the analysis need go no further. *Id.* When a statute is ambiguous, however, we must interpret it according to the legislative intent, and our review becomes an examination of the whole act. *Id.* (citing *Office of Child Support Enforcement v. Morgan,* 364 Ark. 358, 219 S.W.3d 175 (2005)). We reconcile provisions to make them consistent, harmonious, and sensible in an effort to give effect to every part. *Id.*

Further, we review issues of statutory construction de novo, as it is for this court to determine what a statute or rule means. *McNabb, supra; Velek, supra.* In this respect, we are not bound by the circuit court's decision; however, in the absence of a showing that the circuit court erred in its interpretation of the law, that interpretation will be accepted as correct on appeal. *McNabb, supra* (citing *Henyan v. Peek,* 359 Ark. 486, 199 S.W.3d 51 (2004)).

As noted above, this case revolves around the construction of District Court Rule 9, which was amended effective January 1, 2009. Subsection (b) of the rule, which sets out the means by which an appeal is taken from district court,[2] provides as follows:

> A party may take an appeal from a district court *by filing a certified copy of the district court's docket sheet,* which shows the awarding of judgment and all prior entries, with the clerk of the circuit court having jurisdiction over the matter. Neither a notice of appeal nor an order granting leave to appeal shall

be required. The appealing party shall serve a copy of the certified docket sheet upon counsel for all other parties, and any party proceeding pro se, by any form of mail that requires a signed receipt.

(Emphasis added.)

The amendment was intended to "eliminate several points of confusion and difficulty," according to the Reporter's Notes to the amendment. Under the previous version of subsection (b), a party was required to file a certified record of the proceedings had in the district court. *See* Ark. Dist. Ct. R. 9(b) (2008). The current version requires the appealing party to file with the circuit clerk a certified copy of the district court docket sheet. In addition to simplifying the process for appealing a case from district court, the Reporter's Notes also comment that the rule was amended to conform to case law.

The case law in response to which the rule was amended was *McNabb v. State, supra.* In *McNabb v. State,* appellant Lexie McNabb pled no contest to second-degree terroristic threatening on February 24, 2005. Her sentence consisted of thirty days in jail and a fine. She sought to appeal this decision to circuit court, and she requested a copy of the transcript from the Faulkner County District Court Clerk. The transcript, as prepared by the clerk, consisted of a certified copy of the docket sheet listing the district court's actions. McNabb filed this "record" with the Faulkner County Circuit Clerk's office. In circuit court, the State sought remand to the district court on the grounds that the certified docket sheet was not the record of the proceeding. The circuit court

---

2. This case arose out of the small claims division of district court. Although the procedure for cases in small claims division are governed by Arkansas District Court Rule 10, that rule states that "[a]ppeals may be taken from the judgment rendered in the small claims division of district court in the same manner as other civil appeals are taken from district courts." Ark. Dist. Ct. R. 10(e)(6).

agreed that and concluded that, because there was not a timely filed record of the proceedings or transcript, it did not have jurisdiction to hear the appeal. *McNabb,* 367 Ark. at 95–96, 238 S.W.3d at 121.

On appeal, McNabb argued that the circuit court erred in concluding that the certified copy of the docket sheet was not a record of the proceedings within the meaning of Rule 9. *Id.* at 96, 238 S.W.3d at 121. This court noted that, while Rule 9 clearly required that an appeal from district to circuit court shall be taken by filing a record of the proceedings, the rule did not define what constituted a record of proceedings, nor had this court expressly defined that phrase. *Id.* at 98, 238 S.W.3d at 123. The court pointed out, however, that dicta from earlier cases had stated that the record for municipal courts could be the docket sheet. *Id.* (citing *Frana v. State,* 323 Ark. 1, 912 S.W.2d 930 (1996), and *King v. State,* 304 Ark. 592, 804 S.W.2d 360 (1991)). The court concluded that, in order to satisfy the rule's "record of proceedings" requirement, "the record of proceedings must, at a minimum, be (1) certified by the clerk of the particular district court in which the case originated, and (2) reflect all the proceedings, including all filed documents and motions, before the district court." *Id.* at 98–99, 238 S.W.3d at 123. Recognizing that the usual record in inferior courts *was* the docket sheet, the court noted that in McNabb's case, the docket sheet included the violation with which she had been charged, the dates of the violation and arrest, McNabb's plea, and the disposition of the case. *Id.* at 100, 238 S.W.3d at 124. Thus, under the prior version of Rule 9, this court held that the certified copy of the docket sheet would be considered a record of the proceedings sufficient to maintain an appeal from district court to circuit court. *Id.*

As noted above, Rule 9 was amended after *McNabb* to require the filing of a certified copy of the docket sheet in order to perfect an appeal to circuit court. In the present case, Dawson argued below, and the circuit court agreed, that his filing of the appeal transcript satisfied the requirements of Rule 9. The circuit court found that, even though Dawson filed an "appeal transcript," the transcript "shows the awarding of judgment and all prior entries. According to the [clerk's] affidavit, everything that was done and had in this particular case is contained in the appeal transcript. It is certified by the District Court Clerk and is equivalent to a docket sheet." The circuit court found this case to be the "reverse situation" of what happened in *McNabb,* stating that the record of proceedings that Dawson had filed supplied all of the information that would be on the docket sheet. Therefore, the court found that Dawson had properly perfected his appeal.

■ The circuit court erred in two respects. First, by saying that the appeal transcript was "equivalent to a docket sheet," the court found that Dawson had substantially complied with Rule 9. This court, however, has been abundantly clear that compliance with Rule 9 must be strict; substantial compliance will not suffice. *See Ingram v. City of Pine Bluff,* 355 Ark. 129, 133 S.W.3d 382 (2003); *Clark v. Pine Bluff Civil Serv. Comm'n,* 353 Ark. 810, 120 S.W.3d 541 (2003); *J & M Mobile Homes, Inc. v. Hampton,* 347 Ark. 126, 60 S.W.3d 481 (2001); *Baldwin v. State,* 74 Ark.App. 69, 45 S.W.3d 412 (2001) (specifically rejecting a "substantial compliance" approach to Rule 9 appeals).

■ Second, the circuit court erred in finding that Dawson complied with Rule 9. As noted above, where the language of a statute or rule is clear, we will construe it just as it reads, giving the words their

ordinary and usually accepted meaning in common language. *McNabb, supra.* Here, Rule 9 states that an appeal may be taken from district court to circuit court "by filing a certified copy of the district court's docket sheet" with the circuit court. The language of the rule is clear. It does not state that a party may take an appeal by filing a certified copy of the docket sheet "or its equivalent," which is what the circuit court permitted.

■ This court has consistently held that, in order for a circuit court to acquire jurisdiction, an appellant from district court must comply with Rule 9. *McNabb,* 367 Ark. at 96, 238 S.W.3d at 122; *Velek v. State,* 364 Ark. at 535, 222 S.W.3d at 185. In addition, this court and the court of appeals have been resolute in holding that the provisions of this rule are both mandatory and jurisdictional. *Clark v. Pine Bluff Civil Serv. Comm'n,* 353 Ark. 810, 120 S.W.3d 541; *J & M Mobile Homes, Inc. v. Hampton,* 347 Ark. 126, 60 S.W.3d 481. Where a party fails to perfect an appeal from an inferior tribunal to a circuit court in the time and manner provided by law, the circuit court never acquires jurisdiction of the appeal. *Board of Zoning Adjustment v. Cheek,* 328 Ark. 18, 942 S.W.2d 821 (1997). Therefore, by not filing a certified copy of the docket sheet from the district court proceedings, Dawson failed to perfect his appeal, and the circuit court erroneously concluded that it possessed jurisdiction to entertain the appeal.

Moreover, to the extent that Dawson and the circuit court relied on the affidavit from the district court clerk that she did not even know that there was such a thing as a docket sheet or that it was "supposed to be included in the appeal transcript," this court has consistently noted that it is the duty of *counsel,* not the judge, clerk, or reporter, to perfect the appeal. *Clark v. Pine Bluff Civil Serv. Comm'n, supra* (emphasis added); *Ottens v. State, supra; Hawkins v. City of Prairie Grove,* 316 Ark. 150, 871 S.W.2d 357 (1994); *Edwards v. City of Conway,* 300 Ark. 135, 777 S.W.2d 583 (1989). Here, Dawson's response to Johnson's motion to dismiss his appeal asserts that he asked the district court clerk to look for the docket sheet (although he apparently only made this request after being prompted to do so by Johnson's motion to dismiss). Moreover, although the district court clerk averred that "no one in [that] office was aware that the page called the docket sheet should have been included in the appeal" and asserted her belief that she had "substantially complied" with Rule 9, neither Dawson nor his attorney may rely on this statement to excuse compliance with the clear language of the rule. *See Clark v. Pine Bluff Civil Serv. Comm'n, supra* (it is counsel's duty, not the clerk's, to perfect the appeal). Accordingly, the circuit court erred in concluding that the appeal had been perfected and that it had jurisdiction.

■ Because the circuit court lacked jurisdiction, this court lacks jurisdiction as well. *Clark v. Pine Bluff Civil Serv. Comm'n,* 353 Ark. 810, 120 S.W.3d 541; *Pierce Addition Homeowners Ass'n, Inc. v. City of Vilonia Planning Comm'n,* 76 Ark.App. 393, 65 S.W.3d 485 (2002). Accordingly, because no jurisdiction existed in the circuit court, its order is of no effect, and the district court judgments stand. In addition, because Dawson's appeal from district court to circuit court was never properly perfected, the arguments concerning attorney's fees raised in his cross-appeal are moot.

BROWN, J., concurs.

CORBIN, J., not participating.

BROWN, J., concurring.

This case is a prime example of a situation where appellant's counsel did more than was required to perfect an appeal under District Court Rule 9(b), but yet the procedure followed did not strictly comply with the rule's dictates. Because of this and because this court has made it clear that counsel must strictly comply with the rule's requirements or suffer dismissal, I agree with the result reached in this case. *See, e.g., Ottens v. State,* 316 Ark. 1, 871 S.W.2d 329 (1994). Nevertheless, this case presents something of an anomaly, and I urge the Criminal Practice Committee to review Rule 9(b) once more with this case in mind.

The anomalous situation is that Rule 9(b) provides that an appeal is taken from district court "by filing a certified copy of the district court's docket sheet, which shows the awarding of judgment and all prior entries" with the circuit clerk. Rather than file the docket sheet listing the judgment and other matters pertaining to the case, counsel in the instant case filed all of the actual documents in the case. This clearly was not a certified copy of the docket sheet list but was a certified copy of everything in the file. By filing everything, however, counsel exceeded in a sense the requirement that he merely file the docket sheet.

According to the Reporter's Note accompanying the 2008 amendment to Rule 9(b), which inserted the docket-sheet criterion, the rationale for the docket-sheet requirement was to make appeals from district court easier: "This simplification [filing the docket sheet only] makes it easier to perfect an appeal. It eliminates the difficulty that parties often encountered in getting a complete certified record from the district court clerk within thirty days of the judgment." *In re District Court Rules,* 374 Ark. 657 (Oct. 9, 2008).

By using the more complicated and cumbersome procedure required under former Rule 9(b), counsel ran afoul of the much easier procedure required under the new rule. The question then posed is whether either procedure should suffice to perfect an appeal. That remedy would at least eliminate the harsh result of the instant case.