SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV–13–559

| | |
|---|---|
| BOBBY JONES<br>        APPELLANT<br><br>V.<br><br><br>QUALITY FURNITURE<br>        APPELLEE | **Opinion Delivered** February 26, 2014<br><br>APPEAL FROM THE PHILLIPS<br>COUNTY CIRCUIT COURT<br>[NO. CV–2012–87]<br><br>HONORABLE RICHARD L.<br>PROCTOR, JUDGE<br><br>DISMISSED |

## BILL H. WALMSLEY, Judge

Appellant Bobby Jones appeals from the Phillips County Circuit Court's order finding that a default judgment previously entered by the District Court of West Helena was valid. Jones argues that, because appellee Quality Furniture's original complaint was a nullity, the judgment should have been set aside. We do not reach the merits of Jones's argument; instead, we dismiss the appeal for lack of jurisdiction.

On October 1, 2004, Robert Travis, owner of Quality Furniture, filed a complaint in the small–claims division of the district court against Jones concerning a delinquent account. After Jones failed to answer the complaint and did not appear at a hearing, the district court entered a default judgment for $4,398.08, plus interest and costs, on November 29, 2004.

On September 26, 2011, Jones filed a motion to set aside the default judgment, but his motion was denied. Jones then appealed to the circuit court. The circuit court denied Jones's motion for reconsideration, and on March 26, 2013, it entered an order awarding Quality

SLIP OPINION

Furniture a total judgment in the amount of $8,135.96 with accruing interest. Jones timely appealed to this court.

Although the matter was not raised by the parties on appeal, subject-matter jurisdiction is an issue that can, and indeed must, be raised by an appellate court sua sponte. *Duffy v. Little*, 2011 Ark. 160. If the circuit court lacked jurisdiction, this court is likewise without jurisdiction to hear an appeal. *Id.*

In order for a circuit court to acquire jurisdiction, an appellant from district court must comply with Arkansas District Court Rule 9. *Velek v. State*, 364 Ark. 531, 222 S.W.3d 182 (2006). Under the prior version of Rule 9, a party was required to file a certified record of the proceedings had in the district court. Ark. Dist. Ct. R. 9(b) (2008). The rule, however, did not define what constituted a "record of the proceedings." In *McNabb v. State*, 367 Ark. 93, 238 S.W.3d 119 (2006), our supreme court held that a certified docket sheet from the district court was a "record of the proceedings" from which an appeal could be taken. Rule 9(b) was amended, effective January 1, 2009, and now expressly provides:

> A party may take an appeal from a district court by filing a certified copy of the district court's docket sheet, which shows the awarding of judgment and all prior entries, with the clerk of the circuit court having jurisdiction over the matter.

Although the amended version of Rule 9(b) was in effect at the time Jones attempted to perfect his appeal from the district court, Jones nevertheless filed a certified copy of a document entitled "Transcript on Appeal to Circuit Court."

In *Johnson v. Dawson*, 2010 Ark. 308, 365 S.W.3d 913, Dawson sought to appeal to the circuit court from a default judgment entered by the district court. Dawson filed an

2

"appeal transcript," and Johnson moved to dismiss on the basis that Dawson's failure to file a certified copy of the district court's docket sheet deprived the circuit court of jurisdiction. In response, Dawson filed an affidavit from the district court clerk attesting that no one at the clerk's office was aware that a document, which they recently learned was called "a docket sheet," was required to perfect an appeal. Because Dawson's appeal transcript contained all the information included on the docket sheet, the circuit court found that the appeal transcript was "equivalent to a docket sheet." The circuit court thus determined that Dawson had substantially complied with District Court Rule 9 and had properly perfected his appeal. Our supreme court reversed, holding that strict compliance with Rule 9(b) was required and that the plain language of the rule made it clear that a certified copy of the district court's docket sheet is necessary to perfect an appeal to the circuit court. *See also Duffy*, *supra* (dismissing appellant's appeal because he filed a certified copy of the appeal transcript, rather than a certified copy of the docket sheet, and thus failed to perfect his appeal to circuit court).

The appellate courts have been resolute in holding that the provisions of Rule 9 are both mandatory and jurisdictional. *Duffy*, *supra*; *McNabb*, *supra*; *Kankey v. State*, 2013 Ark. App. 68. If or when a party fails to perfect an appeal from an inferior tribunal to a circuit court in the time and manner provided by law, the circuit court never acquires jurisdiction of the appeal. *Johnson*, *supra*.

By failing to file a certified copy of the district court's docket sheet as required by Ark. Dist. Ct. R. 9(b) (2011), Jones did not perfect his appeal to circuit court. Accordingly, the circuit court never acquired jurisdiction, and its judgment was of no effect. *See, e.g.*, *Duffy*,

3

*supra*; *Johnson*, *supra*. By extension, this court lacks subject–matter jurisdiction, and we therefore dismiss this appeal. The district court's default judgment stands.

Dismissed.

GRUBER and GLOVER, JJ., agree.

*Wilson Law Firm P.A.*, by: *E. Dion Wilson*, for appellant.

*Charles E. Halbert, Jr.*, for appellee.