SLIP OPINION

Cite as 2015 Ark. App. 73

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-14-551

| | |
|---|---|
| LAVAN LAWSON | **Opinion Delivered** February 11, 2015 |
| APPELLANT | |
| | APPEAL FROM THE ASHLEY COUNTY CIRCUIT COURT |
| V. | [NO. 2013-136-4] |
| | |
| CAPITAL ONE SIGNET BANK, VIRGINIA | HONORABLE DON GLOVER, JUDGE |
| APPELLEE | |
| | DISMISSED |

## BART F. VIRDEN, Judge

On April 11, 2003, appellee Capital One Signet Bank, Virginia (Capital One) filed a complaint in Ashley County District Court, alleging that appellant Lavan Lawson was indebted to it in the amount of $1,463.98 plus costs, attorney's fees, and interest. On June 19, 2003, the district court, after concluding that Lawson had been properly served with the summons and complaint, yet had not appeared, entered a default judgment in favor of Capital One.

On March 4, 2013, Capital One filed a petition for writ of scire facias seeking to revive the judgment, which the district court granted. Lawson filed an "Objection" to the writ, alleging that the district court did not have personal jurisdiction due to improper service in the original 2003 case. Following a hearing on Lawson's objection, the district court entered an order of revivor on November 4, 2013, extending Capital One's 2003 judgment ten years from the date of the filing of the writ of scire facias.

SLIP OPINION

Lawson attempted to appeal to the Ashley County Circuit Court on November 8, 2013. Capital One moved to dismiss Lawson's appeal for lack of jurisdiction based on an untimely appeal from the 2003 judgment, which the circuit court granted. Lawson moved to vacate the order of dismissal. Following a hearing, the circuit court agreed with Capital One's position and dismissed Lawson's appeal for lack of jurisdiction. Lawson now appeals to this court, arguing that the circuit court clearly erred in dismissing his timely appeal from the order of revivor. Because Lawson failed to perfect his appeal to circuit court, we must dismiss without reaching the merits.

Although the matter was not raised by the parties on appeal, subject–matter jurisdiction is an issue that can, and indeed must, be raised by an appellate court sua sponte. *Duffy v. Little*, 2011 Ark. 160. If the circuit court lacked jurisdiction, this court is likewise without jurisdiction to hear an appeal. *Id*.

Arkansas District Court Rule 9 (2013) provides that a party may take an appeal from district court by filing a certified copy of the district court's docket sheet, which shows the awarding of judgment and all prior entries, with the clerk of the court having jurisdiction over the matter. In order for a circuit court to acquire jurisdiction, an appellant from district court must comply with Rule 9. *Johnson v. Dawson*, 2010 Ark. 308, 365 S.W.3d 913. Compliance with Rule 9 must be strict; substantial compliance will not suffice. *Id*. The appellate courts have been resolute in holding that the provisions of this rule are both mandatory and jurisdictional. *Id*. Where a party fails to perfect an appeal from an inferior tribunal to a circuit court in the time and manner provided by law, the circuit court never

acquires jurisdiction of the appeal. *Id.*

Here, Lawson filed a "Transcript on Appeal to Circuit Court." At the bottom of the transcript is a certification that "the foregoing is a true and correct transcript of the record entries, orders, and judgment" in the case. The body of the transcript simply states "Record entries, orders and judgment."

Prior to the 2008 amendment to Arkansas District Court Rule 9, a party was required to file a certified record of the proceedings had in district court; however, the rule did not define "record of the proceedings." In *McNabb v. State*, 367 Ark. 93, 238 S.W.3d 119 (2006), the supreme court held that a certified copy of the docket sheet from district court was a record of the proceedings. The rule was amended accordingly.

In *Johnson v. Dawson*, *supra*, Dawson appealed to the circuit court from a default judgment entered by the district court by filing an "appeal transcript." The circuit court found that the appeal transcript was "equivalent to a docket sheet" because it contained all the information found on the docket sheet. Our supreme court reversed, holding that strict compliance with Rule 9 was required and that the plain language of the rule made it clear that a certified copy of the docket sheet was required, and not its equivalent.[1] *See also Jones v. Quality Furniture*, 2014 Ark. App. 141 (dismissing Jones's appeal where he filed a "Transcript on Appeal to Circuit Court," which was insufficient to perfect his appeal from

---

[1]The 2014 amendment to the rule—not applicable here—requires either a certified copy of the district court's docket sheet, which shows the entry awarding judgment and all prior entries *or* a certified copy of the record of the district-court proceedings consisting of all documents and motions filed in the district court. Ark. Dist. Ct. R. 9(b)(1)(i) (emphasis added).

district court to circuit court).

Lawson failed to strictly comply with Arkansas District Court Rule 9. Because the circuit court never acquired jurisdiction of his appeal from district court, we do not have jurisdiction to hear this appeal. Accordingly, we dismiss, and the order of revivor in district court stands.

Dismissed.

GLADWIN, C.J., and HIXSON, J., agree.

*Hamilton, Hamilton & Leonard, A Professional Limited Liability Company*, by: *James A. Hamilton*, for appellant.

*Hosto & Buchan, P.L.L.C.*, by: *Brien Saputo*, for appellee.