SLIP OPINION

Cite as 2015 Ark. 156

# SUPREME COURT OF ARKANSAS

No. CR-15-234

| | |
|---|---|
| CALVIN TATUM<br>APPELLANT | **Opinion Delivered** April 9, 2015 |
| V. | MOTION FOR RULE ON CLERK |
| STATE OF ARKANSAS<br>APPELLEE | <u>GRANTED</u>. |

**PER CURIAM**

Appellant, Calvin Tatum, through his attorney Alex Guynn, filed a motion for rule on the clerk. On September 30, 2014, a Monroe County jury convicted Tatum of rape. On October 6, 2014, Tatum filed a timely notice of appeal. Upon Tatum's motion for an extension of time to lodge the record, on December 11, 2014, the circuit court entered an order extending that deadline to February 1, 2015. On January 22, 2015, Tatum filed a second motion for extension of time. On March 3, 2015, after the expiration of Tatum's deadline to lodge the record, the circuit court entered a second order extending the deadline until March 15, 2015. On March 16, 2015, Tatum tendered the record to this court. On March 19, 2015, Tatum filed a motion for rule on the clerk.

Here, Mr. Guynn asserts that the second order extending the time to file the record was signed on January 22, 2015, but was not file-marked by the circuit court clerk until March 3, 2015. Mr. Guynn asserts that this is good cause for his failure to timely file his appeal. However, it is the duty of counsel, not the judge, the clerk, or the reporter, to perfect

SLIP OPINION

an appeal. *Johnson v. Dawson*, 2010 Ark. 308, 365 S.W.3d 913; *Ottens v. State*, 316 Ark. 1, 871 S.W.2d 329 (1994).

This court clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There, we said that there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or there is good reason. *Id*. at 116, 146 S.W.3d at 891. We explained:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id*., 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he or she has erred and is responsible for the failure to perfect the appeal. *Id*. When it is plain from the motion, affidavits, and record that relief is proper under either rule based on error or good reason, the relief will be granted. *Id*. If there is attorney error, a copy of the opinion will be forwarded to the Committee on Professional Conduct. *Id*. It is plain from the motion and record before us that there was error on Mr. Guynn's part in failing to obtain an extension before February 1, 2015. Pursuant to *McDonald*, we grant Tatum's motion for rule on clerk and forward a copy of this opinion to the Committee on Professional Conduct.

Motion granted.